## Walker v. Commonwealth.

(Decided June 24, 1921.)

### Appeal from Madison Circuit Court.

1. Intoxicating Liquors—Act of 1920—Conviction Under.—As the act of the General Assembly of 1920, commonly known as the "prohibition statute," was enacted to conform in all respects to the amendment to the Federal Constitution on the same subject, it must have been the intention of the legislature to include in its provisions everything necessary to make the amendment effective; and it is to be regarded as superseding and repealing all other pre-existing anti-liquor laws of the state, at least, in so far as they may be found to conflict with its provisions. Therefore, in order to convict one under the act of a felony resulting from a second sale of spirituous liquor and a prior conviction for a former sale, the prior or first, as well as the second, conviction must have been obtained after the act of 1920 went into effect

2. Intoxicating Liquors—Act of 1920.—The penalty imposed by the act of 1920, where the conviction of the felony for which it provides may result, is much more severe than that of the act of 1916, which makes the two acts conflict, and the act of 1920 declares: "All laws or parts of laws in conflict with this act are hereby repealed."

3. Intoxicating Liquors—Act of 1920.—By the express terms of the act of 1920 the convictions that, with a previous one or ones, will authorize a verdict finding the defendant guilty of the felonies therein defined, must be for violations of the provisions of the act.

4. Intoxicating Liquors—Act of 1920 is Independent Act.—As the act of 1920 does not by its title purport to amend the act of 1916, or

set forth the whole or any part thereof as it should appear when amended, it would violate the provisions of section 51 Constitution to enforce it as an amendment of the act of 1916. Hence it is to be regarded as an independent act, intended to supersede or repeal the act of 1916.

R. C. OLDHAM and JOHN NOLAND for appellant.

CHAS. I. DAWSON, Attorney General, and CHARLES W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Madison circuit court entered upon a verdict finding the appellant, Owen Walker, guilty under an indictment charging that he unlawfully sold, February 28, 1921, spirituous liquors in violation of an act passed by the general assembly in 1920, known as the "prohibition statute;" and further charging that he had theretofore "been tried and convicted for the unlawful sale of spirituous, vinous and malt liquors by judgment rendered against him in the Madison circuit court on the 27th day of February, 1917, and said judgment had not been appealed from, set aside or modified." The punishment inflicted upon appellant by the verdict of the jury and judgment was confinment in the penitentiary for one year.

Appellant filed six grounds in support of his motion for the new trial refused him in the court below, and these grounds are relied on in this court for a reversal of the judgment appealed from. As the first and sixth grounds in effect raise the same question they will be considered together. The first makes complaint of the action of the trial court in overruling appellant's demurrer to the indictment; the sixth, of its refusal, on his motion, at the conclusion of the evidence, to peremptorily instruct the jury to return a verdict of acquittal.

It is insisted by counsel for appellant that both the demurrer and motion should have been sustained; the first, because the offense charged in the indictment was and is not a felony; the second, because the evidence failed to prove him guilty of the offense charged. It is said in the brief of counsel that the trial court thought the indictment was found under section 2557b-3, Ky. Stats. (act of March 23, 1916), which seems to be borne out by the fact that the jury were instructed, if they

found appellant guilty, to inflict upon him the punishment prescribed by that section, which provides that "on the second or any subsequent conviction for a violation of the act, or any of its amendments, committed after a former conviction for a violation of said act, or any of its amendments, the defendant shall be confined in the penitentiary not less than one nor more than two years."

The act of 1916 had for its object the better enforcement of the "local option" law then in force, and the constitutionality of its provision respecting increase of penalty for a second conviction referred to was sustained by us in Armstrong v. Comlth., 177 Ky. 690, in which we held that a defendant could be convicted as for a felony under the provision in question, although his first conviction might have been had under a local option law in force prior to the act of 1916. This was upon the ground that the later act was a revived and continuing statute and related back to the previously existing local option laws of the state. In the case at bar, while the first conviction of appellant which the trial court held authorized the jury to find him guilty in this case of a felony, upon proof of his guilt of the sale of liquor charged in the indictment occurred in 1917 and under the act of 1916, the second sale of liquor charged took place February 28, 1921, which was after the prohibition act of 1920 went into effect. These facts are shown by the allegations of the indictment and established by the proof.

It is the contention of appellant that the act of 1920 was intended by the legislature to supersede all other anti-liquor laws of the state, and such is its effect, and that in order to convict appellant of a felony resulting from a second sale of liquor and a prior conviction for a former sale, the prior or first conviction must have been obtained after the law of 1920 went into effect. We think this contention sound for the following reasons: First, the title of the act shows that it was intended to supersede all others on the same subject. Its language is as follows:

"An act to prohibit and provide penalties for the manufacture, sale, transportation or other disposition of spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky and to regulate

the manufacture, sale and transportation of alcohol for non-beverage purposes thereunder.''

Chaper 3 of the act provides:

''Upon a second conviction for a violation of any provision of this act, except sections 11, 15 and 20 to 31, inclusive, the defendant or defendants, if persons, shall be confined in the penitentiary for not less than one year, nor more than three years, and for the third and each subsequent conviction, the person or persons shall be imprisoned in the penitentiary not less than five nor more than ten years. . . .''

Then follows a penalty prescribed for corporations.

First: It will be observed that the penalties prescribed by the act of 1920 are more severe than those of the act of 1916, and further observed that the penalties imposed by the act can only result from the violation of ''any of the provisions of this act.'' Second, section 36 of the act of 1920 provides: ''All laws or parts of laws in conflict with this act are hereby repealed.'' Manifestly the changing of the penalty would serve to repeal that of the old statute in the absence of a contrary intention on the part of the legislature; certainly the penalty of the old statute is in conflict with that of the new. Third, the passage of the act of 1920 having followed the adoption by the states of the prohibition amendment to the Federal Constitution, it may safely be concluded that the legislature intended by its enactment to make it conform in all respects to the purposes of the constitutional amendment and to include in its provisions everything necessary to make the amendment effective. Fourth, we have uniformly held that a new act which purports to amend an existing act, or part of an existing act, must set forth the whole of the existing act as it will appear when extended, revised or amended. This is required by the provision of section 51 of the Constitution of Kentucky. Flynn v. Barnes, 156 Ky. 498. As the act of 1920 does not re-enact or publish as such in form the sections of the act of 1916 it must have been intended to supersede rather than amend that act, and at any rate it repeals the former law to the extent that they conflict. Hickman v. Kimberley, 161 Ky. 652; Hazelrigg v. Hazelrigg, 169 Ky. 345; Ky. Heating Co. v. City of Louisville, 174 Ky. 142.

In Board of Penitentiary Comrs. v. Spencer, 159 Ky. 255, it is said;

"A new act which does not purport to be an amendment to an existing law need not set out or republish any part of any former law that may be changed or repealed by a new law."

In Comlth. v. Hightower, 149 Ky. 563, it is declared:

"Ky. Stats., 241a, a part of an act of 1902 declaring it an offense punishable by imprisonment of from one to five years to confederate for the purpose of intimidating, alarming, disturbing or injuring any person, while not expressly repealing, was intended as a substitute for, and repealed by implication section 1223, part of an act of 1883 declaring it an offense punishable by imprisonment of from six to twelve, etc."

In any event it must be held that the act of 1920 changing the penalty as contained in the former act by implication repealed it, making the act of 1920 a substitute therefor. Fifth, regarding the general rule of construction in determining as to the repeal of statutes, it is said in R. C. L., vol. 25, p. 941:

"It is with reference to statutes defining crimes and providing their punishment that repeals operate with the utmost freedom. In such cases the extinction of the statute is understood to be an indication that the sovereign power no longer desires the former crime to be punished or regarded as criminal. Therefore when such a statute is repealed it is as if it never existed except for the purpose of proceedings previously commenced, prosecuted and concluded, and even a plea of guilty before the repeal will not authorize the court to pass sentence."

It is our conclusion that the act of 1920 supersedes all others on the subject of liquor prohibition. Its provisions must prevail and will doubtless be found adequate, if honestly enforced, to suppress the evils at which it is aimed. It follows from what has been said that the appellant's demurrer to the indictment and motion for a directed verdict of acquittal should both have been sustained, and this conclusion renders the consideration of other questions raised on the record unnecessary. For the reasons indicated the judgment is reversed and cause remanded for a new trial and other proceedings consistent with the opinion. The whole court sitting.