## Johnson v. Commonwealth.

### (Decided January 16, 1925.)

### Appeal from Clark Circuit Court.

1. Statutes—Court Will Interpret Language so as to Reach Legislative Purpose.—It is court's duty to interpret language of statute so as to reach the legislative purpose.

2. Criminal Law—Second Conviction to Warrant Imposition of Increased Penalty Need Not be for Identical Offense.—Under Acts 1922, c. 33, section 1, making it unlawful to manufacture, sell, unlawfully have in possession, or transport intoxicating liquors, and section 2, prescribing increased penalty for second conviction, the convictions need not be for identical offenses if both offenses are denounced by such section 1.

3. Criminal Law—Witness who was Not Party to Transaction, and did Not Accompany Defendant when Defendant Delivered Whiskey, Held Not "Accomplice."—In prosecution for unlawful sale of liquor, witness who had accompanied defendant to purchaser's residence where agreement for sale of liquor to purchaser was entered into, but who was not a party to the transaction and had not accompanied defendant when he actually delivered the whiskey to purchaser and received pay therefor, held not an "accomplice" within Civil Code of Practice, section 241, requiring corroboration of accomplice.

RODNEY HAGGARD and G. B. FISHBACK for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In February, 1924, appellant was convicted of hav ing unlawful possession of intoxicating liquors, and sat-

isfied the sentence imposed. At the September term, 1924, of the Clark circuit court he was charged in an indictment with the unlawful sale of intoxicating liquors, and that indictment further charged that the latter offense was a second violation of the provisions of chapter 33 of the Acts of 1922, and set up the former conviction.

On his trial under this indictment he was convicted of a felony under the habitual criminal provisions in the Enforcement Act of this state.

The first section of that act makes it unlawful to manufacture, sell, barter, give away, or keep for sale, or unlawfully have in possession or transport such liquors, except for certain purposes not here involved. The second section prescribes a penalty for the first violation of any of the provisions of the act except certain ones for which a particular penalty is provided, and fixes the penalty at a fine and imprisonment in the county jail, and then proceeds,

> "Upon a second conviction for a violation of any provision of this act (except certain provisions not here involved), the defendant or defendants, if persons, shall be confined in the penitentiary for not less than one year, nor more than three years, and for a third conviction and each subsequent conviction, the person or persons shall be imprisoned in the penitentiary not less than five years nor more than ten years."

It has been held by this court that the several offenses denounced by section one of this act were separate and distinct offenses, and the first and controlling question raised by appellant on this appeal is that as the offense of unlawful possession and that of unlawful selling are separate and distinct the habitual criminal provision quoted has no application because the first conviction was for an offense not identical with the second charge and conviction.

The precise question has never been presented in this court, although it was incidentally considered in a case wherein it was not presented because the offenses there considered were identical.

The question then is whether under a proper interpretation of the quoted provision it is necessary before imposing the increased penalty for a second conviction that the first and second convictions shall be for the identical offense denounced by this statute, or whether

it is only necessary that the first conviction shall have been for a violation of any of the other provisions of this act, not excepted, although that charge was not identical with the second charge.

The whole Enforcement Act on its face manifests the purpose to provide for all such offenses and prescribe penalties therefor, and prescribe them in such way as would in the judgment of the general assembly bring about an effective enforcement of our constitutional amendment prohibiting the manufacture and sale of intoxicating liquors. It purports to deal with the whole subject of enforcement, and the penalties prescribed for the several offenses denounced by it were designed to bring about an effectual end to the evils of intemperance.

Keeping in mind therefore these clear purposes of the act, our duty is to interpret the language used in the act so as to reach the legislative purpose.

We find in the first place that the first section places the unlawful possession of liquor and the unlawful sale of liquor in the same class, and denounces them as kindred or similar offenses; and we find in the second section that the same penalty is prescribed for those two offenses. Then in that same section in prescribing the penalty for a second conviction it says, ''For a violation of any provision of this act'' the enhanced or increased penalty may be inflicted.

If the unlawful possession of liquor is by the general assembly placed upon a par with the unlawful sale of liquor, and the two offenses are denounced by the same section of the statute and to all intents and purposes are treated as similar or kindred offenses, and the penalty for the violation of each is fixed at the same, and the same section prescribing such penalty for the first conviction further provides that upon a second conviction for a violation of any provision of the act the increased penalty shall be imposed, it cannot be said with any degree of sound reason that the legislative purpose was to require a second conviction of the identical offense rather than a second conviction of a similar or kindred offense denounced by the same statute.

The purpose of the whole act was to prevent the unlawful manufacture and sale of intoxicating liquors, and to that end many offenses were constructed by the statute and placed upon a practical footing with the actual manufacture and sale, and the same penalties prescribed for such additional offenses. The plain purpose of the in-

creased penalty was to deter the citizen from a second offense of any kind or nature that might interfere with the effectual enforcement of the act; if an individual may one month be guilty of one of the offenses designed to bring about that enforcement, and the following month of another, and so on, without subjecting himself to the increased penalty, the deterrent force of the provision for such penalty would thereby be weakened. A shrewd violator might go through the whole category of offenses denounced by this act, and being careful not to be guilty the second time of the identical offense, never be subject to the enhanced penalty which was designed primarily to bring about an end to such infractions.

Our conclusion, therefore, from the language used in the act and from the manifest purposes of the whole enactment, is that a second conviction for any one of the offenses denounced by this act, even though it be a separate and distinct offense from that charged upon the former conviction, will authorize the infliction of the increased punishment.

· This interpretation is in harmony with the interpretation of similar acts in other states.

For instance in Vermont there was a statute prescribing a penalty for selling or possessing with the intent to sell intoxicating liquor, and that statute provided "upon the second and each subsequent conviction" an increased penalty. The first conviction was for selling, and the second charge was for possessing with the intent to sell, and upon the second trial the enchanced punishment was inflicted. State v. Sawyer, 67 Vt. 239. On appeal the defendant made the same question that is here being made and in response to his argument, the court said: ·

"A conviction for violating the statute in one of these forms is available to enhance the penalty on a subsequent conviction for a violation in another,"

and then, in quoting from another Vermont opinion (36 Vt. 667), said:

"It is equally within intent and purpose of the law to punish offenders so incorrigible and hardened as not to desist after one chastisement for their breach of law."

Again in the case of McConnell v. People (Col.), 213 Pac. 674, the same question was under consideration

under a statute almost identical in its terms with our own. That statute provided:

> "Any person . . . who shall violate any of the provisions of this act . . . shall for the first offense . . . be punished by a fine . . . or by imprisonment in the county jail. . . . Every second and subsequent offense, committed within five years of the first . . . . shall be deemed a felony . . . ."

In that case the first conviction was for selling, and the second for transporting intoxicating liquor, and the court held that the provision for an increased penalty for the second violation applied although the convictions were for separate offenses under the prohibition act. An inspection of the language of that act will not only disclose that it is almost identical with the language of our own statute, but that act likewise transformed into a felony upon the second conviction what was only a misdemeanor upon the first conviction.

In the case of Kelley v. People, 115 Ill. 583 (56 Am. R. 184), the statute provided that one convicted of either of the crimes of burglary, grand larceny, or stealing, robbery, forgery or counterfeiting, if he should thereafter be convicted of any one of such named crimes should, upon such second conviction, be imprisoned for a longer term; and the court held in construing the statute that whenever any one had been convicted of either of the several enumerated crimes, if he should thereafter be convicted of any one of them, the increased penalty might be inflicted, and that it was not necessary that the second conviction should be for the same crime as the former conviction.

In State v. Maltais, 75 N. H. 248, the statute provided a penalty for selling, keeping for sale, etc., distilled liquors, and then provided, "For any subsequent offense he shall be fined" a greater sum and imprisoned for a greater length of time. Under a second indictment against a defendant a previous offense was charged and the court, in responding to an argument such as is made here, said:

> "The increased penalties are not limited to cases where there has been a previous conviction of the identical offense—a violation of the particular provisions now charged, i. e., an offense proved by

precisely similar evidence. . . . The increased penalties are imposed for a subsequent violation of the prohibitions of the section. Hence it is necessary that the prior conviction must be founded upon a charge of such violation. Proof that the respondent had been convicted of a violation of the section, as, for example, of a sale or keeping for sale of fermented liquor, as charged in the information, might have been sufficient to sustain the verdict.''

In Muckenfuss v. State, 55 Tex. Cr. 216, there was a statute providing that

''If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense he shall on a second conviction receive double the punishment prescribed for such an offense,''

and the court upon consideration of a similar question held that where a defendant had violated the Sunday law in any of the forms provided by the statute, and had been previously convicted therefor, he was subject upon a second trial to the increased punishment, although the first offense was not the identical offense charged and shown on the second trial.

Other authorities may be found in 16 C. J., p. 1339 (note p. 1341); 12 Cyc., p. 949; 8 R. C. L., p. 273; Note 2 Com. v. McDermott (Pa.), 24 L. R. A , N. S. 431; Note 2 Re Miller (Mich.), 34 L. R. A., O. S. 398; Helm v. Com., Dec., 1924.

The courts are not concerned with the harshness of penalties prescribed by statutes; their duties end when they have ascertained and declared what was the legislative purpose from the language employed, if the same be not in conflict with some constitutional provision or recognized public policy.

Appellant also complains that the court erred to his prejudice in not instructing the jury upon the law of corroboration of an accomplice as provided by section 241 of the Criminal Code. This contention grows out of the fact that the witness Brent and defendant went to Covington and Newport from Winchester in the same automobile, and there procured the whiskey, a part of which appellant afterwards sold to Hunter, and transported the same back to Winchester. The charge in the indictment,

however, is for selling to Hunter and there is no charge of transportation.

The evidence shows that the night before the actual sale and delivery of the liquor by appellant to Hunter, Brent accompanied appellant to Hunter's residence, where an agreement was made between appellant and Hunter that the liquor should be delivered and paid for the next morning. It is not disclosed, however, that Brent was a party to this transaction, and the next morning when appellant actually delivered and received pay for the whiskey from Hunter, Brent was not present and did not accompany him. Under this state of fact Brent was not an accomplice so far as the sale was concerned, although he might have been theretofore an accomplice of appellant in the transportation.

Clearly the court did not err in declining to give the instruction.

Judgment affirmed. Whole court sitting.