## Allen v. Commonwealth.

(Decided September 29, 1925.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Conflicting Testimony as to Date of Conviction for Sale of Intoxicating Liquor Question for Jury.—Where indictment for selling intoxicating liquors in violation of the prohibition act alleged a former conviction, and there was conflicting evidence as to whether prior conviction had been had before or after adoption of the act, such question should have been submitted to jury.

2. Criminal Law—Oral Evidence Admissible to Show Commission of First Offense in Misdemeanor Cases.—Since date of commission of misdemeanor is not material, date fixed by indictment or warrant is not conclusive, and upon trial for second violation, oral evidence is admissible to show date first offense was committed.

W. A. BROCK for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of selling intoxicating liquor under an indictment which also charged a prior conviction of the prohibition act of 1922, and his punishment fixed at one year's confinement in the penitentiary.

We find no material error except in instruction No. 1.

The prohibition act provides that upon a second conviction "for a violation of any of the provisions of this act," except certain provisions not material, the defendant shall be confined in the penitentiary for not less than one year, nor more than three years. It is at once apparent that the act does not make the second offense a felony unless the first offense was committed after the act went into effect. Walker v. Commonwealth, 192 Ky. 257, 232 S. W. 617. The act became effective March 22, 1922. The evidence for the Commonwealth tended to show that the first offense was committed after that time, while appellant testified that it was committed on March 19, 1922.

With respect to this phase of the case the only question submitted to the jury was whether appellant was tried on September 17, 1923, and convicted of the first offense. Of course, the time of trial is not conclusive of the time the offense was committed, and, in view of the conflicting evidence, the question whether the first offense was committed after March 22, 1922, should have been submitted to the jury. Since the date of the commission of a misdemeanor is not material further than it must be alleged and proved to have been committed within one year from the time the indictment was returned or the warrant issued, the date fixed by the indictment or warrant is not conclusive, and upon a trial for a second violation of the act, oral evidence is admissible to show when the first offense was committed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.