## Blanton v. Commonwealth.

(Decided October 16, 1925.)

## Appeal from Johnson Circuit Court.

1. Indictment and Information—Second Violation of Prohibition Act Held Not Certainly Charged by Indictment.—Indictment charging former conviction of selling intoxicating liquors under indictment returned July 12, 1922, but not alleging when offense was committed, did not certainly charge second violation of Rash-Gullion Act, which with section 2, as to increased punishment for second conviction thereunder, did not become operative until March 22, 1922, as offense may have been committed at any time within 12 months next before return of indictment.

2. Indictment and Information—Demurrer to Indictment Held Properly Overruled, Though Second Violation of Prohibition Act was Not Certainly Charged.—Court properly overruled demurrer to indictment adequately charging unlawful possession of intoxicating liquors within 12 months next before finding of indictment, though it did not certainly charge second violation of Rash-Gullion Act.

3. Indictment and Information—Admission of Evidence and Submission of Question of Prior Conviction of Violating Prohibition Act Held Error.—Where indictment for possessing intoxicating liquors and previous conviction of unlawful sale did not allege commission of former offense after Rash-Gullion Act became operative, court erred in admitting evidence and submitting question of such prior conviction.

4. Criminal Law—Admission of Evidence and Submission of Question of Prior Conviction of Violating Prohibition Act Held Prejudicial Error.—Admission of evidence and submission of question of prior conviction of violating Rash-Gullion Act, in trial under indictment not alleging commission of prior offense after such act became operative, held prejudicial error, as resulting in conviction of second offense, which is felony, under indictment validly charging only single violation of act, which is misdemeanor.

J. B. CLARK and BLAIR & HARRINGTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Clarke—Reversing.

This is an appeal from a judgment sentencing appellant to confinement in the penitentiary for a year and a day for a second violation of the Rash-Gullion Act (1922 Acts, chapter 33). The indictment charges him with an unlawful possession of intoxicating liquors on November 10, 1924, and a previous conviction for an unlawful sale of intoxicating liquors at the October term, 1922, of the Johnson circuit court.

It is further alleged that said conviction resulted upon his trial under an indictment returned on the 12th day of July, 1922, but there is no allegation as to when that offense was committed. In so far as this indictment discloses it may have been at any time within twelve months next before the 12th day of July, 1922. The Rash-Gullion Act, however, did not become operative until March 22, 1922, hence if the sale for which appellant was indicted on July 12, 1922, and convicted on October 26, 1922, was committed at any time between July 12, 1921, and March 22, 1922, it was committed before the adoption of the Rash-Gullion Act and, therefore, under the terms of that act, not within its provisions with reference to an increased punishment for a second conviction thereunder. Section 2 of the act; Walker v. Commonwealth, 192 Ky. 257, 232 S. W. 617; Johnson v. Commonwealth, 206 Ky. 594, 268 S. W. 302.

It is therefore apparent that the indictment does not certainly charge a second violation of the Rash-Gullion Act. It does not result, however, that the court erred in overruling the demurrer thereto, since it does adequately charge an unlawful possession within twelve months next before the finding of the indictment. But the court did err in admitting evidence with reference to defendant's prior conviction and in submitting that question to the jury over his objections and exceptions, and that this was prejudicial is obvious, since it resulted in his conviction of a second offense which is a felony, when the indictment validly charged only a single violation of the Rash-Gullion Act, a misdemeanor.

Wherefore, the judgment is reversed and the cause remanded for a new trial not inconsistent herewith.