## Williams v. Commonwealth.

(Decided January 22, 1926.)

## Appeal from Whitley Circuit Court.

1. Criminal Law—Conviction Under Habitual Criminal Section of Prohibition Statute Not Sustainable, where Prior Offense Charged was Unlawfully Owning and Possessing of Still.—Where accused was indicted for unlawfully possessing intoxicating liquors under Ky. Stats., Supp. 1924, section 2554a-1, and in second paragraph of indictment it was charged that he had been convicted of prior offense of owning and possessing an unlawful still under section 2554a-4, held that a conviction under the habitual criminal section of the stutute, section 2554a-2, could not be sustained; felony punishment for second conviction as provided for in latter section not applying, where prior conviction was for unlawfully owning or possessing still.

2. Criminal Law—Offenses for which Sentence May be Imposed Under Habitual Criminal Section of Prohibition Statute Stated.— The offenses for which penitentiary sentence may be imposed under the habitual criminal section of the prohibition statute (Ky. Stats., Supp. 1924, section 2554a-2), are those of selling, bartering, giving away, keeping for sale, unlawfully possessing or transporting forbidden liquors, and one convicted of either of those offenses may receive the penitentiary sentence for a second conviction of either of the others.

B. B. SNYDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the May, 1925, term of the Whitley circuit court the appellant, John D. Williams, was indicted charged with unlawfully possessing intoxicating liquors, an offense denounced by section 1 of chapter 33, Acts of 1922, page 109 (now section 2554a-1 of the 1924 supplement to Carroll's Kentucky Statutes).

In a second paragraph of the indictment it was charged that the defendant at the January term prior thereto was convicted of the offense of owning and possessing an illicit still which he committed since the taking effect of the statute and prior to the offense for which he was indicted and which itself is forbidden by section 4 of the act (now section 2554a-4 of the same supplement).

Defendant's demurrer to the indictment was overruled with exceptions and upon the trial under the instruction of the court he was found guilty under the habitual criminal paragraph of section 2 of the act, upon which the court instructed the jury over defendant's objections and exceptions, and his punishment was fixed at confinement in the penitentiary for three years. From the judgment pronounced on the verdict after his motion for a new trial was overruled he prosecutes this appeal, urging as grounds for reversal, (1) that the court erred in submitting to the jury the punishment for a second conviction as prescribed in section 2 of the act, and (2), that the evidence failed to show that the possession of the liquor for which defendant was indicted was in Whitley county. It will not be necessary to determine ground (2), since we are convinced that ground (1) is well taken and must be sustained and that ground, if available, can be corrected upon another trial.

In support of ground (1) it is argued that the felony punishment for a second conviction as contained in section 2 of the act is not applicable where one of the convictions (which in this case was the first) was for the offense of owning and possessing an illicit still, as is denounced by section 4 of the act, and which argument we think is thoroughly sustained by the express provisions of the act.

Section 2 of the act, prescribing the punishment for the violation of any of its provisions, expressly excepts therefrom violations of any section for which there is a particular penalty provided, and there is such penalty provided for the offense of owning and possessing an illicit still denounced by section 4 of the act. The habitual criminal portion of section 2 prescribes: "Upon a second conviction for a violation of any provision of this act, except section . . . 4 . . . the defendant or defendants, if persons, shall be confined in the penitentiary for not less than one year nor more than three years," etc. It was under that section that the court instructed the jury in this case and upon which defendant was given the penitentiary sentence, notwithstanding the first offense for which he was convicted, as charged in the indictment under which he was tried, is expressly excepted from the second conviction punishment contained in section 2 of the act. Section 4 of the act, prescribing the offense for which defendant was first convicted, not only contains a specific penalty for its first

violation and, therefore, takes it out of the first paragraph of section 2 of the act, but it likewise prescribes the penitentiary sentence for a second conviction of the same offense, i. e., of owning and possessing an illicit still. So that, it would seem inevitably to follow that section 2 of the act in prescribing the punishment for a second conviction "for a violation of any provision of this act" refers and applies to only such provisions as are found in section 1 of the act and excluding therefrom all of the violations in the excepted sections, one of which is section 4. The offenses, therefore, for which the penitentiary sentence may be imposed under section 2 of the act are those of selling, bartering, giving away, keeping for sale, unlawfully possessing, or transporting the forbidden liquors, and one convicted of either of those offenses may receive the penitentiary sentence for a second conviction of either of the others, as was held in the case of Johnson v. Commonwealth, 206 Ky. 594. But where the offense is one denounced by the excepted sections in section 2 of the act, both the former and subsequent offenses must be punished as therein prescribed. There is no room for any other interpretation of the express provisions of the statute, since its language is plain and wholly unambiguous, and to hold otherwise would not only be in plain violation of those provisions, but in effect would be the judicial creation of a felony and a direct encroachment upon and usurpation of legislative authority by the courts. In enacting the statute the legislature meant something by the exception it inserted in the second literary paragraph of section 2 of the act and which was, that the penitentiary sentence therein provided for a second conviction should not apply to offenses for which there was a specific punishment provided for both the first and second convictions. The court, therefore, erred in not sustaining the demurrer to the second paragraph of the indictment, and in instructing the jury thereunder. However, the indictment is sufficient to charge defendant with unlawfully possessing the forbidden liquors, and it is the only offense for which he may be tried thereunder.

The evidence as to the venue of the unlawful possession is exceedingly vague, but it is a matter which can easily be corrected on another trial, and it is, therefore, unnecessary for us to determine the question on this appeal.

Wherefore, the judgment is reversed, with directions to set it aside and to sustain the motion for a new trial and for proceedings consistent herewith.