## Lakes v. Commonwealth.

(Decided October 26, 1926.)

## Appeal from Jackson Circuit Court.

1. Criminal Law.—Prior conviction of possessing apparatus to manufacture liquor, in violation of Acts 1922, chapter 33, section 4, can not be pleaded in prosecution for manufacture of liquor, in violation of section 3, so as to make latter offense punishable as felony, in view of section 2 of said act.

2. Criminal Law.—Indictment for selling, possessing or transporting liquor, and for second offense of manufacturing liquor, charges misdemeanor only (Acts 1922, chapter 33, sections 3, 4).

3. Criminal Law.—Liquor violations, denounced by either of sections 2, 3 or 4 of Acts 1922, chapter 33, cannot be pleaded as prior or subsequent offense for purpose of punishing offense under another of such sections as felony.

J. R. LLEWELLYN for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Lakes, was indicted and convicted in the Jackson circuit court in January, 1924, of the offense of owning and possessing apparatus designed for the unlawful manufacture of intoxicating liquors, a misdemeanor, under section 1 of the Acts of 1922, chapter 33, known as the Rash-Gullion Act, now section 2554a-1, Kentucky Statutes, and the indictment under which he is now being prosecuted was returned in the same court in September, 1925, and accused him of the unlawful manufacture of intoxicating liquors, and also recited the fact that he had been convicted of possessing apparatus designed for the unlawful manufacture of intoxicating liquors on a former occasion, setting out the date, and sought under section 2554a-1, Kentucky Statutes, to charge him with a second violation of its provisions, and thus subject him to the penalty prescribed in the second literary paragraph of section 2 of the act, which provides that upon a second conviction the offender shall be confined in the penitentiary not less than one year nor more than three years. A trial resulted in the conviction of appellant, Lakes, his punishment being fixed by the

jury at two years in the state penitentiary. A judgment was rendered accordingly, and it is from that judgment. that this appeal is prosecuted.

No demurrer was filed to the indictment though it. appears to have been defective, although it was perhaps. good for the offense of manufacturing liquors, a misdemeanor, but was not sufficient, it would seem, to charge a felony as was intended by the pleader. Appellant insists that the instructions given by the trial court to the jury were very erroneous and prejudicial to him.

The second offense charged in the indictment is,. under section 3 of the act, for the manufacture of intoxicating liquor. The first offense relied upon in the indictment was under section 4 of the same act for unlawfully owning and possessing apparatus designed for the unlawful manufacture of spirituous liquors. Section 2 provides that upon a second conviction for a violation of any of the provisions of this act, except sections 3, 4, 5, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 33, the defendant, or defendants, if persons, shall be confined in the penitentiary for not less than one nor more than three years. By express provision of that section both section 3 and section 4 of the act are excepted from the operation of that part of the section which makes a second offense a felony, so it is clear that the indictment and conviction cannot be sustained under section 2. However, section 3, the one against manufacturing, provides that on conviction for the first offense the defendant shall "be fined not less than $100.00 nor more than $500.00 . . . upon a second conviction of *such unlawful manufacture* the defendant . . . shall be confined in the state penitentiary for not less than one year nor more than five years." It must be noted that the language is "upon a second conviction of *such unlawful manufacture,*" which necessarily excludes a second conviction for a sale, barter, giving away, keeping for sale, unlawful possession or transportation of intoxicating liquors. So that it is clear that the indictment which accuses one of the selling, possessing or transporting intoxicating liquors, and for the second offense, accuses him of the manufacture of intoxicating liquors, is good for a misdemeanor only, because the two cannot be so combined to make a felony, as was held in the recent case of Williams v. Commonwealth, 212 Ky. 495. It is equally as clear that section 4 of the act, which was excluded from the terms of.

the second literary paragraph of section 2 of the act, falls within a separate class from the offenses denounced by section 2 and by section 3. Section 4 provides that upon a second conviction of any offense enumerated in this section "the defendant shall be confined in the penitentiary for not less than one year nor more than five years." The offenses contained in section 4 are "to buy, bargain, sell, loan, own, have in possession or handle or transport an illicit still designed 'for the unlawful manufacture of intoxicating liquors." So we see that the habitual criminal provision of this section applies only and when the second conviction is for one of the offenses denounced by section 4 and does not apply to convictions under the provisions of section 3 or section 2. The very language of the section prohibits a joining of an offense under section 2 with section 4, to make a felony, and the same thing is true of joining offenses under section 3 with those under section 4, and those under section 2 with those under section 3. Why this provision was made it is unnecessary to inquire, for it was within the power of the general assembly to so separate and segregate the offenses, and we must enforce the act as we find it.

Considered in this light the court misinstructed the jury. In fact, the court should have submitted to the jury only the misdemeanor. Appellant objected to the instructions and now insists that they were erroneous. His objection should have been sustained, and for this error the judgment is reversed for proceedings consistent herewith.

Judgment reversed.