## Walker v. Commonwealth.

(Decided December 10, 1926.)

### Appeal from Fulton Circuit Court.

1.  Criminal Law—Conviction of Selling Jamaica Ginger Does Not Authorize Conviction of Felony on Subsequent Conviction of Selling Intoxicating Liquor (Ky. Stats., Supp. 1924, Sections 2554a,

2554a-26).—Conviction of selling Jamaica ginger, in violation of Ky. Stats., Supp. 1924, section 2554a, subsection 26, does not authorize conviction of felony on subsequent conviction of selling intoxicating liquor, under subsection 2, which excepts violation of former subsection from operation of felony provisions.

2. Constitutional Law—Court's Function is to Interpret, Not Make, Statutes, which Must be Given Interpretation Required by Plain and Unambiguous Language.—It is function of courts to interpret statutes, not to make them, and no other interpretation than that required by plain and unambiguous language of statute can be given it.

J. D. VIA for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellant was indicted charged with the offense of selling intoxicating liquor, and the indictment further alleges that upon a previous occasion, and at the January term, 1924, of the Fulton circuit court, defendant had been convicted upon the charge of selling intoxicating liquor.

Upon his trial he was found guilty of the last offense, and the record of the Fulton circuit court having been introduced in evidence concerning the former conviction he was adjudged guilty of a felony and sentenced to three years' imprisonment under the habitual criminal provisions of section 2554a-2 in the 1924 Supplement to Carroll's Kentucky Statutes. But the record so introduced as to the former conviction disclosed that defendant in that prosecution had been originally charged by a warrant in the police court of the city of Fulton with the offense of violating the prohibition law by selling to one Breedin three bottles of Jamaica ginger for intoxicating purposes, having an alcoholic content of 90%; and that upon an appeal from the police court of Fulton to the circuit court that warrant was amended so as to charge appellant, defendant therein, with knowingly, or under circumstances from which the seller could reasonably deduce the intention of the purchaser to use the same as a beverage, sell to Breedin intoxicating liquor known as Jamaica ginger, a medicinal preparation containing about 90% alcohol.

In other words, that record shows that the defendant therein had been accused and convicted of selling the Jamaica ginger under the provisions of subsection 26 of

section 2554a, and not with selling whiskey or the other intoxicating liquors mentioned in subsection 1 of that act.

The only question necessary to consider in this case is whether the court erred to appellant's prejudice in authorizing his conviction for a felony under these circumstances; that is to say, whether under the prohibition act a previous conviction of selling Jamaica ginger will authorize a conviction for felony upon a second trial where the same defendant is convicted of selling intoxicating liquor.

Subsection 2 of the act first provides that for a first conviction for a violation of any provision of the act, the defendant or defendants shall be fined not less than $100.00 nor more than $300.00, and if persons, shall in addition be imprisoned in the county jail. Then further provides:

"Upon a second conviction for a violation of any provision of this act, except sections 3, 4, 14, 22, 23, 24, 26, 27, 28, 29, 30, 31 and 33, the defendant or defendants, if persons, shall be confined in the penitentiary for not less than one year nor more than three years."

Subsection 26 enumerates in subdivisions a, b, c and d certain articles which it seems to assume contain a greater alcoholic content than ½ of one per cent which shall not be subject to the provisions of the act, and in those subdivisions embraces:

"Medicinal preparations manufactured in accordance with formulas prescribed by the U. S. Pharmacopoeia, National Formulary, or the American Institute of Homeopathy that are unfit for use for beverage purposes."

And then later in that same section it is provided:

"Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c and d of this section for beverage purposes, or any extract or syrup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes,"

shall be subject to the penalty provided in this act.

In other words, the act recognizes the lawfulness of the sale of such articles, but prescribes a penalty for knowingly selling the same for intoxicating beverage purposes, or if the same be sold under such circumstances that the seller might reasonably be charged with a knowledge of the purpose upon the part ·of the purchaser to use the same for beverage purposes. The exception of subsection 26 from the operation of the felony provisions made in subsection 2, was apparently based upon the belief by the General Assembly that the sale of an article which is not generally prohibited by the act but the sale of which is only prohibited when knowingly sold for beverage purposes, should not operate to put in effect the drastic provisions of subsection 2 upon a second conviction.

But, whatever operated upon the minds of the General Assembly in making this exception, it undeniably made it, and it is the function of the courts to interpret statutes and not to make them. As said by this court in dealing with a similar interpretation in the case of Williams v. Com., 212 Ky. 495:

"There is no room for any other interpretation of the express provisions of the statute, since its language is plain and wholly unambiguous, and to hold otherwise would not only be in plain violation of those provisions, but in effect would be the judicial creation of a felony and a direct encroachment upon or usurpation of legislative authority."

No other question is passed upon, but because of the error in authorizing a conviction of appellant of a felony, the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.