## West v. Commonwealth.

(Decided December 17, 1926.)

### Appeal from McCracken Circuit Court.

1. Indictment and Information—Indictment for Third Violation of Liquor Statute which Failed to Show Former Offenses were Committed Subsequent to Passage of Statute Held Insufficient (Rash-Gullion Act).—Indictment charging third offense in possession of intoxicating liquors under Rash-Gullion Act (Acts 1922, c. 33), held insufficient to warrant conviction thereunder, where it was

not shown that offenses under which first two convictions were secured were committed subsequent to passage of act.

2.  Criminal Law—Record of Former Conviction Held Inadmissible, where Indictment for Third Violation of Liquor Statute did Not Show Former Offense, Antedated Statute (Rash-Gullion Act).— In prosecution under Rash-Gullion Act (Acts 1922, c. 33), seeking third conviction of defendant for having possession of intoxicating liquor, court records showing former conviction held inadmissible, where indictment failed to show that offense under which former conviction was obtained was committed subsequent to passage of statute.

3.  Criminal Law—Submitting Issue of Felony for Third Offense in Possessing Liquor Held Erroneous, where Indictment Failed to Show Dates of Former Offenses (Rash-Gullion Act).—In prosecution for unlawful possession of intoxicating liquor under Rash-Gullion Act (Acts 1922, c. 33), third conviction of which offense was made felony, held error to submit to jury felony charge of indictment, where indictment did not show former offenses were committed subsequent to passage of statute.

J. BELL NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

From a third conviction of a violation of the Rash-Gullion Act of 1922, fixing his punishment at five years in the state prison, appellant, West, prosecutes this appeal, relying upon several grounds, among them (1) insufficiency of the indictment, and of each count thereof; (2) the court gave erroneous instructions to the jury; (3) the search warrant and affidavit upon which it was based were each defective. The indictment, so far as it charges the unlawful possession of spirituous and intoxicating liquors, is in the usual form, and is sufficient to sustain a conviction of misdemeanor. The second and third counts read:

"(1) The grand jurors of the county and state aforesaid, at the time and place aforesaid and in the manner and form aforesaid, do further find that the said C. E. West was duly and regularly tried by the McCracken county circuit court on the 9th day of October, 1923, on the charge of having in his possession spirituous and intoxicating liquors, and that he was duly and regularly convicted on said charge by

the judgment of said court and was adjudged to pay a fine of $100.00 and the costs, and further adjudged to be confined in the McCracken county jail for a period of thirty days, and that said judgment of conviction has never been modified, annulled or set aside.

"(2)   The grand jurors of the county and state aforesaid, at the time and place aforesaid and in the manner and form aforesaid, do further find that the said C. E. West was duly and regularly tried by the McCracken county circuit court on the 28th day of April, 1924, on the charge of having in possession spirituous and intoxicating liquor, and that he was duly and regularly convicted on said charge and was adjudged to be confined in the state penitentiary for a period of one year, being the second conviction, and that said judgment of conviction has never been modified, annulled or set aside."

From the record it appears that appellant has been convicted of a second offense under the act and his punishment fixed at confinement in the state penitentiary, but whether he has served or is serving that time does not appear.   Reading the second and third counts of the indictment we observe that appellant is accused of having had spirituous and intoxicating liquors in possession upon some former occasion, and that he was on the 9th day of October, 1923, "regularly tried by the McCracken county circuit court" and convicted, but there is no averment of when the offense was committed by having the spirituous and intoxicating liquors in possession, or anything to show whether the unlawful possession of the spirituous and intoxicating liquors was before or since the effective date of the Rash-Gullion act under which these causes are prosecuted.   In order for the Commonwealth to make out a felony case under that act it must charge and show that the unlawful possession or sale was by the accused since the effective date of the Rash-Gullion Act, and unless the indictment so charges and the charges are sustained by the proof, the trial court should direct a verdict for the defendant upon the felony charge, although it may submit to the jury the misdemeanor. Blanton v. Commonwealth, 210 Ky. 571; Walker v. Commonwealth, 192 Ky. 257; Johnson v. Commonwealth, 206 Ky. 594.

The third count of the indictment is subject to the same criticism. It does not aver the date of the unlawful possession of the spirituous and intoxicating liquors by appellant, West, and does not show that the unlawful possession of the liquors was since the effective date of the act.

When the Commonwealth offered to introduce the records of the court showing the former conviction of appellant counsel for appellant objected, and when his objection was overruled and evidence admitted, moved to exclude the evidence from the consideration of the jury, but this motion was overruled, and this was error. As there was no pelading justifying the trial of appellant upon the felony charge this evidence was incompetent and should not have been admitted. Neither should the court have submitted to the jury, by its instructions, the felony charge of the indictment, for the reasons above stated. Other errors might be pointed out, but as the judgment must be reversed for those above mentioned it will not be necessary to go into the others. However, we deem it proper to say that the objection to the introduction of the search warrant and to the evidence obtained by reason of the search warrant, was not well taken.

For the reasons above stated judgment is reversed for new trial consistent with this opinion.