## Bert Wells Morris, alias Bert Wells v. Commonwealth.

(Decided March 15, 1927.)

### Appeal from Calloway Circuit Court.

1. Criminal Law—Submitting Question of Defendant's Guilt of Possessing Liquor Held Proper, though There was no Evidence of Second Offense Charged (Rash-Gullion Act).—In prosecution for second offense of unlawful possession of intoxicating liquors, submitting question of defendant's guilt of possession held proper, though there was no evidence of a previous offense committed after Rash-Gullion Act (Laws 1922, c. 33) became a law.

2. Criminal Law—Evidence of Conviction on August 21, 1923, for Violation of Prohibition Law, Held Insufficient to Prove Commission of Offense After March 22, 1922, Warranting Punishment for Second Offense (Rash-Gullion Act).—In prosecution for second offense of unlawful possession of intoxicating liquors, evidence showing conviction on August 21, 1923, of a previous offense held insufficient to prove that the offense was committed after March 22, 1922, when Rash-Gullion Act (Laws 1922, c. 33) became a law.

3. Criminal Law—Conviction for Violating Prohibition Law as Second Offense Cannot be Had Without Showing that First Offense was Committed After Act Became Law (Rash-Gullion Act).—Conviction in prosecution for second offense of unlawful possession of intoxicating liquors cannot be had for a felony, unless there is a showing that first offense was committed after Rash-Gullion Act (Laws 1922, c. 33) became a law, and before commission of offense for which defendant is being tried.

LOVETT & LOVETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant was indicted by the grand jury of the Calloway circuit court and charged with the offense of unlawfully having in his possession spirituous and intoxicating liquors, the same being a second offense. The indictment charges that he had been previously convicted of selling spirituous and intoxicating liquors, in the Murray police court, and that said conviction took place on the 21st day of August, 1923. It is charged in the indictment that appellant was convicted in the police court for an offense committed after March 22, 1922, the day on which the Rash-Gullion Act became a law, and that said offense for which he was convicted was prior to the commission of the offense charged in the first paragraph of the indictment. Proof was introduced sufficient to warrant the conviction of appellant for the offense charged in the first paragraph of the indictment. A copy of the judgment showing his conviction in the police court on August 21, 1923, was introduced in evidence. The court properly instructed the jury, and in his instructions the jury was required to believe that the offense for which he was convicted in the police court was committed after March 22, 1922, and prior to the commission of the offense for which he was tried.

Complaint is made in the brief for appellant that the court erred in overruling his motion for a peremptory instruction to find him not guilty at the conclusion of the evidence. If there was no evidence showing that the offense for which he was convicted in the police court was committed after the 22nd day of March, 1922, and before the commission of the offense charged in the indictment, he was entitled to a peremptory instruction so far as the charge of felony was concerned, but it was proper for the court to give an instruction to the jury allowing the jury to find him guilty of having whiskey in his possession as charged in the first paragraph of the indictment, although the jury might not believe from the evidence that it was a second offense under the law. The motion for a peremptory was, therefore, properly overruled.

We fail to find any evidence in the record showing that the offense for which he was tried in the police court was committed after March 22, 1922. The judgment of conviction in the police court does not show when the offense for which he was there tried was committed. There is nothing to show when the warrant was issued.

Only the date of the trial and entry of the judgment are shown. This does not prove that the offense for which he was convicted in the police court was committed after March 22, 1922. Without evidence showing that the offense for which he was tried in the police court was committed after March 22, 1922, and before the commission of the offense for which he was being tried, he could not be convicted of a felony. McKinley v. Comlth., 202 Ky. 757; Helm v. Comlth., 206 Ky. 103; Allen v. Comlth., 210 Ky. 329.

What has been said shows that the remarks of the trial court after the completion of the argument of counsel before the jury were improper.

The judgment is reversed and remanded, with directions for proceedings consistent with this opinion.