## Scott v. Commonwealth.

(Decided September 30, 1927.)

## Appeal from Pike Circuit Court.

1. Intoxicating Liquors.—In a prosecution for unlawfully possessing intoxicating liquor, evidence held sufficient to submit guilt to jury.

2. Criminal Law.—In order to authorize a conviction of the felony of a second offense against the prohibition law under the Rash-Gullion Act (Ky. Stats., Supp. 1924, sec. 2554a-2), the commonwealth must establish by evidence in its behalf, not only the previous conviction of an offense constituting a violation of the prohibition law, but also that the offense was committed after the Rash-Gullion Act became effective.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant was indicted, charged with the offense of unlawfully possessing intoxicating liquor, and the indictment further charged that at the June term, 1926, of the

Pike circuit court she had been convicted upon a similar charge. Upon her trial she was found guilty of the felony charge and sentenced to one year's imprisonment in the penitentiary, under the provisions of section 2554a-2, 1924 Supplement to Carroll's Kentucky Statutes.

She asks for a reversal on the ground that the evidence tending to show that she was guilty of a second violation of the prohibition law was not sufficient to authorize a submission of the case to the jury, and that there was no proof showing when the first offense was committed or of what it consisted.

The prosecuting witness testified in part as follows:

"I was noticing her, and also talking to a man there in the road, and she looked at me, and I seen some one turn and leave her going up the hill, and I turned back and made like that I had started to town, and rode down the road a piece, and then turned and went up the hill and came out in about 50 or 75 feet of them and her, and her son Lando Scott was hunkered down over a stump, and I rode up and said, 'What are you doing, Eliza?' and she said, 'I am pouring some whisky out;' and I got down and seen it there in the stump, and I dipped my hand in it and smelled it."

He also testified that he found near the stump a one-gallon fruit jar that had contained whisky, and that defendant had in her possession a shopping bag that contained five or six empty beer bottles. The commonwealth also proved that her reputation in the community in which she lived for illegally engaging in the traffic of intoxicating liquors was bad.

The evidence was sufficient to authorize a submission of the case on a misdemeanor charge.

In the second count of the indictment, it was aptly charged that the defendant had been convicted of the offense of possessing moonshine whisky at the June term, 1926, of the Pike circuit court, and that this offense had been committed subsequent to the effective date of the Rash-Gullion Act and prior to the commission of the offense charged in the first count of the indictment. The judgment entered at the June term, 1926, of the Pike circuit court was introduced in evidence, but it wholly fails to disclose the nature of the offense of which defendant was convicted and the date when it was committed. To authorize her conviction of the felony

charged in the indictment, it was incumbent on the commonwealth to establish,' by evidence introduced in its behalf, not only her previous trial and conviction of an offense constituting a violation of the prohibition law, but also that such offense was committed after the Rash-Gullion Act became effective.  As the evidence for the commonwealth wholly failed to prove either of these essential facts, the trial court erred in submitting to the jury the question of appellant's guilt of the felony charged, but should have only submitted to the jury the question of appellant's guilt of the misdemeanor charged in the first count of the indictment.  West v. Commonwealth, 217 Ky. 255, 289 S. W. 299; Blevins v. Commonwealth, 215 Ky. 755, 286 S. W. 1060; Morris v. Commonwealth, 218 Ky. 839, 292 S. W. 505.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.