## Pruett v. Commonwealth.

(Decided October 5, 1928.)

### Appeal from Cumberland Circuit Court.

1. Criminal Law.—In order to convict one of a felony for manufacturing intoxicating liquor pursuant to Ky. Stats., Supp. 1924, secs. 2554a-2, 2554a-3, it must appear that he had theretofore been convicted of unlawful manufacture.

2. Indictment and Information.—Indictment for several violations of Prohibition Act, pursuant to which defendant confessed to a fine without pleading guilty to any specific violation, held insufficient to authorize a conviction of a felony for manufacturing liquor as second offense, in accordance with Ky. Stats., Supp. 1924, secs. 2554a-2, 2554a-3.

B. L. SIMPSON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On July 27, 1925, the grand jury of Cumberland county returned the following indictment:

"Cumberland Circuit Court. The Commonwealth of Kentucky v. Jno. Milt Pruett & Finis Riddle, indictment.

"The grand jury of Cumberland county in the name and by the authority of the Commonwealth of Kentucky, accuse Jno. Milt Pruett & Finis Riddle of

the offense of unlawfully manufacturing, selling, giving away, keeping for sale, having in possession and transporting spirituous, vinous, malt or intoxicating liquors other than for sacramental, medicinal, scientific or mechanical purposes.

"Committed as follows:

"The said Pruett & Riddle in the county and commonwealth aforesaid on the —— day of May, 1925, and within twelve months before the finding of this indictment, did unlawfully manufacture, sell, give away, keep for sale, have in possession and transport spirituous, vinous and malt or intoxicating liquors for other than sacramental, medicinal, scientific or mechanical purposes.

"Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the commonwealth of Kentucky."

In the month of November, 1926, Pruett was again indicted on the charge of manufacturing spirituous, vinous, and malt liquors; the indictment alleging his prior conviction of the same offense. On his trial the court submitted to the jury the question of his guilt under the second indictment, and also the question of his prior conviction. The jury found him guilty and fixed his punishment at three years' confinement in the state penitentiary. Pruett appeals.

The penalty for manufacturing intoxicating liquors is fixed by section 3, chapter 33, Acts 1922, now section 2554a-3, Kentucky Statutes, Baldwin's 1924 Supplement. Section 2 of the same act, now section 2554a-2, Kentucky Statutes, Baldwin's 1924 Supplement, excepts section 3 from its provisions. Hence, to convict one of a felony for manufacturing intoxicating liquor it must appear that he had theretofore been convicted of unlawful manufacture. Williams v. Commonwealth, 212 Ky. 495, 279 S. W. 973.

It will be observed that the first indictment charged appellant with several violations of the Prohibition Act. He did not plead guilty to any specific violation. He merely confessed to a fine which was imposed by the court. We must go by the record, and we cannot determine from the record whether appellant was convicted of unlawful manufacture or some one of the numerous other offenses charged in the indictment. In view of this situation, all that the jury could do was to guess that the prior conviction was for unlawful manufacture. It seems

to us that where it is sought to convict one of a felony for a second violation of an act, the prior conviction on which the felony charge is based should be made clearly to appear. No such state of case is here presented, and, though the evidence be sufficient to show that appellant was guilty of a misdemeanor, it is not sufficient to sustain a conviction for a felony.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.