## Rice v. Commonwealth.

(Decided October 9, 1928.)

### Appeal from Scott Circuit Court.

1. Intoxicating Liquor.—Evidence of defendant's unlawful possession of intoxicating liquor held sufficient to take case to jury and to sustain conviction.

2. Criminal Law.—That prior conviction was for sale of intoxicating liquor, while second conviction was for possession of liquor, did not preclude imposition of increased penalty for a second conviction under Acts 1922, c. 33, sec. 1 (Ky. Stats., Supp. 1926, sec. 2554a-1), identity of offenses not being required.

L. F. SINCLAIR for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Cantrill Rice, who had previously been convicted of selling intoxicating liquor, was convicted of possessing intoxicating liquor, and his punishment fixed at one year's imprisonment in the penitentiary. He appeals.

It is first insisted that the evidence was insufficient to sustain a conviction. According to Noel Gillespie, he, appellant and J. P. True were attending a dance at the home of Llewellyn Bowman. During the evening they went into the kitchen. While there appellant offered to sell witness a half pint of liquor for $1.25. Witness replied that he would see him later. Later on he saw appellant go out, followed by J. P. True. He did not examine the bottle, and could not say of his own knowledge that it contained whisky, but appellant said it was whisky. J. P. True testified that he was present when appellant priced the whisky to Gillespie. After that they went out of the kitchen and he bought a half pint of liquor from appellant and paid him $1.25 for it. On the other hand, appellant admitted that he attended the dance at Bowman's. While in the kitchen he and others were fooling with a bottle and filling it up with water. There was no liquor in the bottle, and he never offered to sell it to Gillespie. He also denied seeing True that night and says that he did not sell True any whisky or have any whisky in his possession.

There being direct evidence that appellant offered the contents of the bottle for sale as whisky, and that he subsequently sold a half pint of whisky to another witness, it cannot be doubted that there was sufficient proof of possession, not only to make the question of possession one for the jury, but to sustain the verdict.

There is no merit in the contention that appellant could not be convicted of a felony because the second conviction was for possession and the prior conviction was for selling intoxicating liquor. Selling and possessing intoxicating liquors are not offenses for which a particular penalty is provided in the Prohibition Act. On the contrary, they fall within section 1, c. 33, Acts 1922, now section 2554a-1, Kentucky Statutes, Baldwin's 1926 Supplement, and to warrant the imposition of the increased penalty for a second conviction under that section identity of offenses is not required. Johnson v. Commonwealth, 206 Ky. 594, 268 S. W. 302.

Judgment affirmed.