## Potter v. Commonwealth.

(Decided December 7, 1928.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law.—To convict one of a felony for manufacturing intoxicating liquor, it must appear that he had theretofore been convicted of the same offense.

2. Indictment and Information.—Indictment charging the manufacturing of intoxicating liquor held insufficient to charge felony by also alleging accused's prior conviction of the illegal possession of intoxicating liquor.

3. Criminal Law.—Failure to withdraw from jury evidence of accused's prior conviction of illegal possession of intoxicating liquor to sustain felony which had been admitted over defendant's objec-

tion, after commonwealth's election, at close of its evidence, to try defendant only for misdemeanor of manufacturing intoxicating liquor, held prejudicial.

C. F. SEE, JR., for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This appeal is prayed from a judgment convicting appellant of manufacturing intoxicating liquor, and fixing his punishment at a fine of $350 and six months in jail.

In addition to charging the offense of manufacturing, the indictment attempted to charge a felony by alleging appellant's prior conviction of the offense of illegally possessing intoxicating liquor. To convict one of a felony for manufacturing intoxicating liquor, it must appear that he had theretofore been convicted of unlawful manufacture. Pruett v. Commonwealth, 225 Ky. 665, 9 S. W. (2d) 984; Williams v. Commonwealth, 212 Ky. 495, 279 S. W. 973. It follows that the indictment was insufficient to charge a felony, and that the demurrer thereto should have been sustained to that extent. However, the court overruled the demurrer, and permitted evidence of the prior conviction to go to the jury over the objection of appellant. Not only so, but at the conclusion of the evidence for the commonwealth, the commonwealth elected to try appellant on the misdemeanor charge of unlawful manufacture. As the only ground on which the prior conviction was admissible was to increase the penalty and sustain the felony charge, it follows that, when the commonwealth elected to try appellant on the misdemeanor charge, all evidence of the prior conviction should have been withdrawn from the jury. Having admitted this evidence over the objection of appellant, and not having withdrawn it from the jury when it was no longer admissible, it cannot be doubted that the action of the court was error, and, as the jury may have been influenced to give appellant the limit for unlawful manufacturing by the fact that they could not convict him of a felony, there can be no doubt that the action of the court was prejudicial to appellant's substantial rights.

We are of the opinion that the evidence was sufficient to take the case to the jury on the misdemeanor charge.

Wherefore the appeal is granted, and judgment reversed and cause remanded for a new trial consistent with this opinion.