## Cundiff v. Commonwealth.

(Decided October 13, 1931.)

HAYNES CARTER for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appeal is from a judgment of conviction of a second offense under the Prohibition Act. By it the appellant, Clarence Cundiff, was sentenced to one year in prison. His claim of a right to a reversal of the judgment is based upon an illegal search.

A policeman of Elizabethtown testified he saw the defendant and another man drunk on a railroad right of way within the city limits not far from the station and in a place sufficiently public as to authorize an arrest. The two men were asleep and the defendant's coat was on his arm with a bottle of whisky lying on it. After arresting him the officers searched and found another bottle of whisky in it. Evidence was submitted showing the defendant had the reputation of being a bootlegger. It was properly proven by the records that the accused had previously been convicted in the county court of the

offense of unlawfully selling whisky, and this was sufficient to bring him within the terms of the Prohibition Act relating to a second offense if the jury believed him guilty on this occasion. Rice v. Commonwealth, 225 Ky. 712, 9 S. W. (2d) 1075.

The defendant testified he was not drunk, but had taken a drink from a half pint of whisky purchased by his companion and himself and then had handed the bottle to the former, who never gave it back to him. He further said that the coat, which he reluctantly admitted was his, was some distance away from where he was asleep and there was no bottle on it.

The court, apparently because the officer had assumed the defendant to be drunk when he saw him asleep, admonished the jury that they should not consider the evidence as to the bottle of liquor found in the pocket of the coat, and the instructions, about which no complaint is made, confined them to a consideration of the bottle found on top of the coat and in view of the officer before the arrest. Clearly, the evidence as to it was admissible and the case one for the jury.

Judgment was affirmed.