CASE 25.—PROSECUTION AGAINST FRANK DREWRY FOR VIOLATING THE ELECTION LAWS.—June 19.

# Commonwealth v. Drewry

Appeal from Jefferson Circuit Court.

Criminal Division—JOSEPH PRYOR, Judge.

From a judgment sustaining a demurrer to the indictment the Commonwealth appeals—Reversed.

1.   Indictment—Formal Requisites—Caption—Omission—Effect.—
    Under Cr. Code Prac., Secs. 122-124, providing that an indictment must contain the title of the prosecution, the name of the court in which the indictment is presented, and the names of the parties, and must be direct and certain as regards the offense charged and the county in which the same was committed, and giving the form of the caption of an indictment showing the names of the parties and the court, an

indictment containing in its body the averments that it was found by the grand jury of a county named, and that in the name of the Commonwealth it charged the accused with the commission of the crime described, and showing that it was committed within the county, was good, though the caption was omitted.

2. Same—Accusatory Part—Allegations—Sufficiency.—An indictment charging a violation of Ky. Stats., 1903, Sec. 1585a, punishing an officer of an election who shall "knowingly and wilfully" certify to an improper certificate of the election, which alleges in its accusatory part that accused "unlawfully and feloniously" certified to an improper certificate of election, is not bad, where in its body the statutory words are used.

3. Elections—Violation of Election Laws—Indictment.—An indictment charging a violation of Ky. Stats., 1903, Sec. 1585a, punishing an officer of an election who shall knowingly and wilfully certify to an improper certificate of the election, which alleges that an election was held under the laws of the State, and that officers of election were appointed under and in accordance with the laws to serve as such in a designated precinct, and that accused was duly appointed to serve as clerk of election in the precinct, sufficiently states his connection as an officer with the election, without setting out when or by whom he was appointed.

4. Same.—An indictment charging a violation of Ky. Stats., 1903, Sec. 1585a, punishing an officer of an election who shall knowingly and wilfully certify to an improper certificate of the election, which alleges the appointment of accused as clerk of an election held under the laws of the State, and that he wilfully and knowingly certified that a certain number of votes were cast at the election, when he knew that they had not been cast, sufficiently states an offense under the statute.

5. Indictment—Requisites—Statutory and Common-Law Offenses. —Under Cr. Code Prac., Secs. 122-124, providing that an indictment shall contain a statement of the acts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is intended, and declaring that an indictment must be direct and certain as regards the party and offense charged and the county in which the offense was committed, an indictment charging a statutory offense must use the words of the statute or words having the same meaning, and an indictment charging a common-law offense must follow the forms of the common law.

Commonwealth v. Drewry.

6. Elections—Violations of Election Laws—Prosecutions—Indictment—Statutes.—Ky. Stats., 1903, Sec. 1591, declaring that the chapter relating to elections shall be liberally construed, so as to prevent any evasion of its prohibitions and penalties by shifts or device, though enacted to prevent persons charged with offenses against the election laws from escaping punishment on technicalities and irregularities, does not abrogate the code provisions relating to the elements necessary to constitute a good indictment; but it should be read in connection with them, as illustrating the legislative intent concerning offenses against the election laws.

LOUIS B. WEHLE for appellant.

N. B. Hays, ATTORNEY GENERAL CHAS. H. MORRIS and J. M. HUFFAKER of counsel.

POINTS AND AUTHORITIES IN BRIEF FOR APPELLANT.

In an indictment for false swearing—

1. Where the alleged offense has been committed in course of a judicial proceeding which was pending, and which, by reason of its nature, according to the public statutes, could have only been pending properly in the court in which the indictment was found, and where the court in question has a division distinct in name from that of any division of any other circuit court in the State, if the style of the judicial proceeding is distinctly set out, together with its exact nature, with an averment that it was pending in the division having the distinctive name, the court, in which the judicial proceeding was pending, is sufficiently set out: Commonwealth v. Still, 83 Ky., 275; Cope v. Commonwealth, 20 Ky. Law Rep., 721; Am. & Eng. Ency. of Law, vol. 17, p. 919-927; Am. Digest Century Edition, vol. 27, secs. 444, 445.

2. The averment that the notary public who administered the oath "then and there had authority to administer" the same is a sufficient averment of his authority: McClain on Criminal Law, vol. 2, p. 875; Ency. of Pl. & Prac., vol. 16, p. 325; Johnson v. People, 94 Ill., 505; People v. Phelps, ' Wendell N. Y., 9; Commonwealth v. Weingartner, 15 Ky. Law Rep., 221; Commonwealth v. Kane, 92 Ky., 457; Commonwealth v. Still, 83 Ky., 275.

3. The statements of fact alleged to have been made by the defendant are properly negatived by special averment when, corresponding to each and every such statement, there is a statement of fact averred by the pleader to be true, which statement is ex-

actly opposite to the statement alleged to have been made by the defendant: Commonwealth v. Still, 83 Ky., 275; Commonwealth v. Weingartner, 16 Ky. Law Rep., 221; Commonwealth v. Porter, 17 Ky. Law Rep., 554.

EDWARDS & OGDEN for appellee.

The only question raised by this appeal is whether the trial judge erred in sustaining the demurrer to the indictment.

### POINTS AND AUTHORITIES.

The demurrer was properly sustained—

1. Because the indictment had no caption: Secs. 122, 123, 124, Cr. Code.

2. Because the accusatory part of the indictment stated no offense: Tupman v. Commonwealth, 17 Ky. Law Rep., 217; Commonwealth v. Taylor, 96 Ky., 394, and the authorities therein quoted.

3. Because the indictment does not properly charge that appellee was an officer of election, and does not charge that an election was held in this precinct, but does affirmatively charge that there was held in this precinct a pretended election which was illegal, null and void: Harvey Brown v. Commonwealth, opinion of May 16, 1906.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The following indictment was returned by the grand jury of Jefferson county against appellee: "The grand jurors of the county of Jefferson, in the name and by the authority of the Commonwealth of Kentucky, accuse Frank G. Drewry of the crime of unlawfully and feloniously certifying to an improper certificate of election committed in manner and form as follows, to-wit: That on the 7th day of November, 1905, there was held under the laws of the State of Kentucky, in the city of Louisville, in the county of Jefferson, an election of county, city and legislative

officers, and officers of election were appointed under, and in accordance with, the laws of Kentucky, to serve as such in the Thirty-Eighth Precinct of the Twelfth Ward; that the said Frank G. Drewry was duly so appointed to serve as clerk of election in said precinct, under color of authority given him by which said appointment, he, the said Frank G. Drewry, did knowingly and wilfully cretify to an improper certificate of election, purporting to be the correct and proper certificate of election purported in said certificate to have been held on November 7, A. D. 1905, which certificate was made out and certified to in manner and form as follows, to-wit: (Then follows the certificate in full, and lengthy statement showing that the polls were not opened or the election held at the place appointed, but that, in violation of law, and without observing any of the requirements necessary, the voting place was moved, and the polls opened at another place, and the election there held.)      Furthermore, that the said certificate was false and fraudulent, not being a true or correct record of the number of votes actually cast by voters in said precinct at the said pretended election, as the said Frank G. Drewry then and there well knew at the time he certified to the said certificate that the said certificate was false and fraudulent in these particulars, namely, to-wit:      The said certificate contains the statement that there were 301 ballots cast in the said pretended election, and that there were 298 ballots counted as valid; whereas, in fact there were not 301 ballots actually cast in the said pretended election by duly qualified voters, but certain duly qualified and legal voters did not go to the said voting place established as hereinbefore set forth near to the corner of Thirtieth and Walnut streets, and did not receive any ballots there, and did not place

any ballots in the box provided for that purpose. That the said qualified and legal voters are as follows: A. G. Knapp, living at No. 3600 West Chestnut street and Mike J. Kleinheinz, living near the corner of Thirty-First and Magazine streets. That nevertheless the certificate hereinbefore set out was purportedly based in part upon ballots fraudulently pretended by the persons who acted as officers of election at the said voting place established by them at Thirtieth and Walnut streets to have been actually and legally cast by the said A. G. Knapp and the said Mike J. Kleinheinz, and also of a ballot of which the stub was numbered 24 so pretended to have been cast by one C. Fosser living at No. 1707 Twenty-Eight street, but which was not cast by the said C. Fosser. That in these respects, and to this extent, and by reason of the aforesaid fraudulent pretensions, the said certificate was false and incorrect, as the said Frank G. Drewry then and there well knew, at the time when he certified to the same. That such wilful certifications to the aforesaid incorrect certificate was contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

To this indictment a demurrer was sustained, and in support of the ruling of the trial judge it is insisted that the indictment is fatally defective, because it has no caption; second, because the accusatory part of the indictment states no offense; third, because the indictment does not properly charge that appellee was an officer of election, or that an election was held in the precinct, but does affirmatively charge that there was held in this precinct a pretended election, which was illegal and void. These several objections we will notice in the order named.

In section 123 of the Criminal Code of Practice there is a form of indictment, which contains the style of the prosecution and the court in which it is pending, as: "The Commonwealth of Kentucky against George Smith. Franklin Circuit Court." Under section 124 of the Criminal Code of Practice, the indictment "must be direct and certain as regards the party charged; the offense charged; the county in which the offense was committed." And section 122 provides that the indictment must contain "the title of the prosecution, specifying the name of the court in which the idictment is presented, and the names of the parties." But it is not essential to the validity of the indictment that this matter shall appear in the caption, as the caption is not an indispensable part of the indictment. It will be sufficient if it is set out in the body of the indictment. At best, the caption is merely a form, and neither takes from nor adds to the validity of the indictment. Mitchell v. Com., 106 Ky. 602, 21 Ky. Law Rep. 222, 51 S. W. 17; Bishop's New Criminal Procedure, section 661; Warton, Criminal Law, sections 219, 220. In the indictment before us, the caption is omitted; but we do not regard this omission as either fatal or material. It appears that it was found by the grand jury of Jefferson county, and in the name of the Commonwealth of Kentucky it accuses the defendant of the crime described, and shows beyond cavil that it was committed in Jefferson county — thus containing every feature that might have been inserted as the caption.

Section 1585a of the Kentucky Statutes of 1903 provides that: "Any officer of the election who shall knowingly and wilfully give or certify to an improper certificate of the election as herein required  *  *  * shall be guilty of felony, and upon conviction thereof

shall be confined in the penitentiary for a period of not less than one nor more than three years." The accusatory part of the indictment charges the defendant with "unlawfully and feloniously" certifying to an improper certificate of election. It would have been more correct to have charged defendant in the language of the statute with "knowingly and wilfully" certifying to an improper certificate of election. If it was essential that the accusatory part should accurately describe the offense, the indictment would be defective, because there is a marked difference between "unlawfully and feloniously" doing a thing and "wilfully and knowingly" doing it. Words of this character, when found in the statute as descriptive of an offense, or words of similar import, or, in the language of section 136 of the Criminal Code of Practice, "words conveying the same meaning," should be used. Com. v. Scroggin, 60 S. W. 528, 22 Ky. Law Rep. 1338. But we do not regard the use of these erroneous words as fatal to the indictment. If they had been omitted entirely, or if they be regarded as mere surplusages, the indictment would yet be good, as in its body the correct words are employed. Com. v. Schatzman, 82 S. W. 238, 26 Ky. Law Rep. 508, 118 Ky. 624; Knoxville Nursery Co. v. Com., 55 S. W. 691, 21 Ky. Law Rep. 1483. In support of the ruling of the lower court on this point, our attention is directed to Commonwealth v. Taylor, 96 Ky. 394, 29 S. W. 138, 16 Ky. Law Rep. 482, Com. v. Turner, 8 Bush, 1 and Com. v. Tupman, 30 S. W. 661, 17 Ky. Law Rep. 217. In the Turner Case, the indictment charged Turner with "unlawfully" killing a horse, whereas, the statute denounced a penalty against any person who "wilfully" killed a horse; and it was held not to be good upon the

ground that the pleader should have used the word "wilfully" in place of the word "unlawfully"—the words having entirely different meanings. In the Taylor Case, the indictment assailed in its body charged the defendant with "unlawfully and feloniously" making a false oath, instead of averring in the language of the statute that he "knowingly and wilfully" swore falsely; and the indictment for this reason was adjudged insufficient. In both of these cases, the defect was not in the accusatory part, but in the body of the indictment, and they are not pertinent to the question now under consideration. It is to the descriptive part of the indictment that we look for information concerning the offense charged. Hence, it is necessary that more care should be used in describing the offense in the body of the indictment than in the accusatory part of it, and a distinction along these lines has always been recognized. In Commonwealth v. Tupman, 30 S. W. 661, 17 Ky. Law Rep. 217, the accusative part of the indictment charged the defendant with the crime of "malicious shooting," and the court rules that "malicious shooting" was not an offense, unless followed by language pointing out that the person accused shot, or without wounding shot at, another person, or shot at or into a railroad passenger coach, or steam boat, thereby committing an offense denounced by the statute; that charging a person with "malicious shooting" did not give him any information of the particular offense he was charged with, as four distinct and separate offenses may be committed in the act of malicious shooting. Such is not the case in the indictment before us. Omitting the words "unlawfully and feloniously," the accusation is that Drewry committed the crime of certifying to an improper certificate of election, and, as this offense

can only be committed in one way, the defendant could not have been misled by the language employed.

We do not regard the objection that the indictment does not sufficiently aver that appellee was an officer of election well taken. It charges in terms that an election was held under the laws of the State, and that "officers of election were appointed under and in accordance with these laws, to serve as such in the Thirty-Eight precinct of the Twelfth Ward, and that the said Frank G. Drewry was duly so appointed to serve as clerk of election in said precinct." This allegation sufficiently stated his connection as an officer with the election. It was not necessary that the indictment should set out when or by whom he was appointed or selected. The averment that he was duly appointed to. serve as clerk of the election is more than a mere conclusion of the pleader. It is a substantial statement of fact. It would add nothing to the validity of the indictment to state with more particularity the facts relating to his appointment to this office; nor would it give him any fuller information of the fact that the accusation was for a crime committed as an officer of the election. Commonwealth v. Brown, 93 S. W. 605, 29 Ky. Law Rep. 434. It is distinctly charged that, as such officer Drewry wilfully and knowingly certified that a certain number of votes were cast at the election, when he knew that they had not been cast; and although the indictment is not aptly drawn, and contains an unusually large quantity of surplus matter, yet it states no offense under the statute.

In considering the sufficiency of an indictment, the whole of it must be looked to. The essential and indispensable requisites in the particulars under consideration are that it shall contain "a statement of

the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the rights of the case'' (section 122), ''and must be direct and certain as regards the party charged, the offense charged, and the county in which the offense was committed'' (section 124). If the charge is a statutory offense, then the words of the statute, or words having the same meaning, must be used; if it be a common-law offense, the forms of the common law must be followed. Com. v. Grinstead & Tinsley, 55 S. W. 720, 108 Ky. 59, 21 Ky. Law Rep. 1444; Ward v. Com. 14 Bush, 233; Mitchell v. Com. 88 Ky. 349, 10 Ky. Law Rep. 710, 11 S. W. 209. There are other minor requisites in the preparation of an indictment that a good pleader will observe, but their omission will not invalidate the indictment.

In addition to these general observations applicable to all indictments, it is especially provided, in section 1591 of the Kentucky Statutes of 1903, that the provisons of. the chapter relating to elections ''shall be liberally construed so as to prevent any evasion of its prohibitions and penalties by shifts or device.'' This statute was enacted to prevent persons charged with offenses against the election laws from escaping just punishment on mere technicalities and minor irregularities; and while this statute was not intended to, and does not, abrogate the Code provisions relating to the essential elements necessary to constitute a good indictment, it should be read in connection with them, as illustrating the legislative intent concerning prosecutions of offenses against the election laws.

In our opinion the lower court erred in sustaining

vol. 126—13

a demurrer to the indictment, and the judgment is reversed for proceedings consistent with this opinion.