## McKiney v. Commonwealth.

(Decided April 25, 1924.)

### Appeal from Jackson Circuit Court.

1. Criminal Law—Matters to be Shown to Establish Second Violation of Prohibition Law.—To justify imposition of a penitentiary sentence for a second violation of the prohibition law, under act March 29, 1918 (Laws 1918, chapter 168), the Commonwealth must establish by evidence defendant's guilt in the present case and his former conviction of an offense of the same kind.

2. Criminal Law—Evidence Held Not to Show Second Offense Against Prohibition Law.—In prosecution for a second violation of the prohibition law, evidence held not to sustain a conviction.

3. Criminal Law—Instructions Should Submit Question of Former Conviction in Prosecution for Second Offense.—In a prosecution for a second violation of the prohibition law, under act March 29, 1918 (Laws 1918, chapter 168), instructions should submit to the jury, not only the question of defendant's guilt in the present case, but also the question of his former conviction; but the question of former conviction should not be submitted when the judgment introduced as evidence thereof does not show the offense or when it was committed.

L. C. LITTLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREEL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Despite his plea of "not guilty," appellant was on January 14, 1924, found guilty of a second violation of the prohibition law, and his punishment fixed at confine-

ment in the penitentiary for one year. His motion for new trial was overruled and he appeals.

The offense charged in the indictment appears from the evidence to have been committed in February, 1922. The language of the indictment follows closely the language of the act of March 29, 1918, which act had then been superseded by the act of March 23, 1920, except as to unlawful possession of moonshine stills. See Brent v. Commonwealth, 194 Ky. 504.

The trial court, however, treated the indictment as charging the appellant with a violation of the act of March 23, 1920, and instructed the jury under that act. The indictment contains two counts, in the first of which the defendant is charged with owning, possessing and operating a moonshine still and aiding, assisting, abetting, encouraging and harboring others in the operation of said still, and in the second he is charged with having previously been convicted of owning, possessing and operating a moonshine still.

No bill of particulars was asked for, no demurrer was filed, and no motion made to require the Commonwealth to elect which of the offenses charged in the indictment it would prosecute.

The evidence shows that in the month of February, 1922, the sheriff and the jailer of Jackson county were looking for an illicit still, and near the top of a cliff about two hundred and fifty or three hundred yards from the appellant's house, they found what they termed a "still-site," and about two or three hundred yards from there they found some "singlings," as they termed them. They followed some tracks from the "still-site" to the appellant's "chip-yard." They also followed some tracks from appellant's house down a hill and down an old path that had been used by the public for forty years, and about one hundred and fifty yards from there they found some "malt corn" concealed under some stones, and this was nearer the appellant's house than any other house, but there is no proof that any of these things were situated on appellant's land or upon land over which he had any sort of control. At the appellant's house they found appellant and a man named Sherman Moore, both of whom they arrested.

The clerk of the Jackson circuit court identified appellant and testified that he had previously been convicted of operating a moonshine still, in the Jackson cir-

cuit court, and read in evidence what he termed a judgment against the appellant. The so-called judgment does not show of what appellant was convicted, nor does it show when that offense was committed or under what law he was convicted.

Appellant denied all knowledge of, ownership of or connection with the still, still-site, singlings, or malt corn, or that any of these things were near to or could have been seen from his home, but testified that all of these things were near to and within sight of the home of Sherman Moore.

Sherman Moore testified that the still, singlings and malt all belonged to him, and that appellant had no interest in, knowledge of or connection with them.

To justify the imposition of a penitentiary sentence upon appellant, under the act of March 29, 1918, two things should have been established by evidence, namely: His guilt in the present case and his former conviction of an offense of the same kind. There was no evidence of his guilt in this case, hence the court should, upon motion of appellant or his counsel, or upon its own motion, have directed the jury to return a verdict of not guilty. Commonwealth v. Stringer, 195 Ky. 717.

If the evidence had established his guilt in this case, which it did not do, the court should not have submitted to the jury the question of his former conviction, as the judgment read in evidence and upon which the Commonwealth depended to secure his conviction, under the second count of the indictment, does not show for what offense he was convicted, nor when the offense was committed. If, however, his guilt in the present case had been established by the evidence, and the judgment read to the jury had conclusively shown the former conviction of the appellant for the same kind of an offense, the instructions given were not correct. This indictment was for an offense against the act of March 29, 1918, and the instruction should have submitted to the jury not only the question of appellant's guilt in the present case, but also the question of his former conviction.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.