## Helm v. Commonwealth.

(Decided December 9, 1924.)

### Appeal from Hardin Circuit Court.

1. Criminal Law—Previous Conviction for Same Offense Held for Jury.—In prosecution for sale of liquor as a second offense, judgment of previous conviction showing merely that he was tried and convicted of a violation of the prohibition laws, and affidavit on

which warrant in that case was issued, held to make question of previous conviction one for the jury.

2. Criminal law—Irregularities in Orders or Judgment of Inferior Court do Not Entitle Defendant Being Tried for Second Offense to Directed Verdict.—Defendant prosecuted for sale of liquor as second offense under Rash-Gullion Act, is not entitled to directed verdict merely because of irregularities in form or verbiage of orders or judgment of inferior court on prior conviction when it can be ascertained with reasonable certainty from record that he was tried and found guilty of a similar offense under same statute by court having jurisdiction.

3. Criminal Law—Evidence as to Prior Conviction Held to Sustain Conviction for Second Offense.—In prosecution for selling liquor as a second offense, under the Rash-Gullion Act (Laws 1922, c. 33), evidence as to prior conviction held sufficient to sustain conviction.

4. Criminal Law—Instructions Submitting Question of Guilt of Defendant Being Prosecuted for Second Offense Held Sufficient.—In prosecution for sale of liquor as second offense under the Rash-Gullion Act (Laws 1922, c. 33), instructions submitting question of defendant's guilt held sufficient.

5. Criminal Law—Permitting Commonwealth to Introduce Further Evidence in Chief After it Had Announced Through, Held Not Prejudicial.—Permitting Commonwealth to introduce further evidence in chief, after it had rested, held not prejudicial to defendant who had not offered to introduce any evidence at time Commonwealth resumed.

J. E. WISE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Helm was tried in the Hardin circuit court at its March term, 1924, on an indictment accusing him of selling spirituous and intoxicating liquors for other than lawful purposes, the indictment further averring that appellant had been convicted for a violation of the same statute on a former occasion and his punishment fixed at a fine and sentence to the county jail. On a second conviction of a violation of any of the provisions, with certain exceptions, of the Rash-Gullion act, "the defendant shall be confined in the penitentiary for not less than one year nor more than three years; and for a third conviction and each subsequent conviction the person or persons shall be imprisoned in the penitentiary not less than five years nor more than ten years." The

indictment sufficiently charged facts against appellant Helm to constitute a felony. A trial resulted in his conviction and sentence to the penitentiary for a term of two years. His motion and grounds for new trial having been overruled, he has brought his case to this court, seeking a reversal of the judgment.

His first contention is that the court erred to his prejudice in refusing to direct the jury to find and return a verdict of not guilty. This is based upon appellant's insistence that the Commonwealth failed to prove, by competent evidence, that appellant had been convicted in a court of competent jurisdiction on a former occasion of a violation of the same statute for which he was being tried at this time. Appellant insists that under the recent opinion of this court in the case of McKiney v. Commonwealth, 202 Ky. 757, the judgment on the first trial of appellant was not sufficiently proven by competent evidence. In the McKiney case the judgment read in evidence showing the former conviction of McKiney and upon which the Commonwealth relied *in toto* to establish the fact of his conviction, did not show for what offense McKiney was convicted or when the offense was committed. In the case under consideration the judgment introduced in evidence to show appellant Helm's conviction in the police court of the city of Elizabethtown is couched in rather general terms but it does show that he was tried and convicted of a violation of the prohibition laws. The warrant upon which appellant Helm was tried at the time of his first conviction was lost or misplaced and could not be found, but the affidavit upon which the warrant was issued was produced at the second trial of appellant and reads:

"October 5, 1922.

"The affiant, John Weller, says that Tom Helm committed the offense or crime of unlawfully selling intoxicating liquors in the city of Elizabethtown, Hardin county, Kentucky, on the 31st day of October, 1922, in violation of law, by selling to this affiant a half-pint of intoxicating liquor, for which this affiant paid to said Helm the sum of one dollar.

"John Weller.

"Subscribed and sworn to before me this October 4, 1922.

"Q. W. Johnson, Judge."

This affidavit, taken in connection with other facts manifested by the record, clearly establishes that appellant Helm was charged with the offense of selling liquor to Weller in October, 1922. He was, therefore, being prosecuted under the act of 1922 for the offense denounced by the statute which we have copied above. The offense for which he was tried the second time was for selling whiskey to the same witness. This last case is thoroughly made out. In fact, there was no evidence offered by defendant to contradict that given by the Commonwealth. Appellant's general reputation for dealing in intoxicating liquors was proven by more than one witness to be bad. Where, from the whole record on the trial, it can be reasonably ascertained that a defendant charged with a violation of the liquor laws has been convicted of a similar offense, upon a previous trial in a court of competent jurisdiction, the case should be submitted to the jury, if the facts with respect to the second offense are sufficient to warrant such action by the trial court. Mere irregularities in the formation or verbiage of orders or the judgment of an inferior court will not be sufficient to entitle the defendant to a directed verdict in his favor when it can be ascertained with reasonable certainty from the record offered in evidence that he has been tried and found guilty of a similar offense under the same statute by the same or another court of this Commonwealth having jurisdiction of the offense.

Appellant's second contention is that the verdict is contrary to the law and not sustained by sufficient evidence. But as we have already seen, the evidence was overwhelmingly against him and undisputed, there is no merit in this contention.

He next complains of instructions Nos. 1 and 2, given by the court to the jury. Instruction No. 1 directed the jury that if it believed from the evidence beyond a reasonable doubt that defendant Helm, in Hardin county, and within twelve months before the finding of the indictment, sold intoxicating liquors to the witness Weller, not for any of the purposes allowed by statute; and further believe from the evidence that prior thereto and on the 5th of October, 1922, Helm was in the police court of Elizabethtown tried and found guilty of selling spirituous liquors in Elizabethtown to another, and the sale so alleged in the warrant in the police court was in violation

of the prohibition laws in effect after March 22, 1922, and the second conviction was for sale after March 22, 1922, and that the first judgment was in effect from and after its entry, and is still in force and effect, to find the defendant Helm guilty of a felony as charged in the indictment and fix his punishment within stated limits.

The second instruction merely directed the jury to find defendant not guilty if it had a reasonable doubt from the evidence of his having been proven guilty.

We can find no substantial error in the instructions. The court submitted to the jury all the questions of fact, in understandable language, and the jury after considering the evidence in the light of the instructions, found appellant guilty. The instructions were as favorable as appellant could have expected or demanded.

Appellant also insists that the judgment should be reversed because the trial court permitted the Commonwealth to introduce further evidence in chief after it had announced through. Appellant was not prejudiced by this since he had not offered to introduce any evidence at the time the Commonwealth resumed the taking of evidence. Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.