## Johnson v. Commonwealth.

(Decided May 22, 1925.)

### Appeal from Johnson Circuit Court.

Criminal Law—Introduction of Proceedings in Former Case, in which Accused was Convicted, Error on Trial for Second Offense.—In prosecution for selling intoxicating liquor, after former conviction, introduction of entire proceedings in former case, in which judgment had been affirmed, held error, as jury should not have heard evidence in former case.

KIRK, KIRK & WELLS and BLAIR & HARRINGTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant was convicted of selling intoxicating liquor after a former conviction, and his punishment fixed at one year's confinement in the penitentiary.

After the Commonwealth had introduced its evidence, tending to show defendant's guilt of selling in the instant case, the clerk of the court was called, and over the objection and exception of the defendant, was allowed to testify to the following:

1st. That as clerk he had in his possession an indictment against defendant returned July 13, 1922.

2nd. That the charge therein was selling spirituous liquor.

3rd. To read the indictment in evidence.

4th. To state that defendant was tried on that charge.

5th. That he had a record of that trial.

6th. To read the record of that trial and the judgment.

7th. To state that the case was appealed to the Court of Appeals.

8th. To state that the judgment was affirmed.

9th. To state that the judgment had been settled.

10th. To read in evidence the bill of exceptions, giving the evidence, etc.

11th. To identify the defendant in this case as the same party as defendant in former case.

All the Commonwealth had to do was to identify the defendant, to introduce the indictment or warrant in the former case, and the record showing trial and conviction thereunder. That is all that should have been done. If judgment has been modified in any way, that is a matter of defense. Tall v. Com., 33 Ky. L. R. 541, 110 S. W. 425; Gragg v. Com., 31 Ky. L. R. 873, 104 S. W. 285. This jury does not in any sense retry the former case, hence should not have heard the evidence in the former case, as read from the bill of exceptions.

Defendant makes a very strong showing for a new trial, upon his claim of newly discovered evidence, but it will not be necessary to discuss that, as he will have opportunity to present that evidence when the case is retried.

The judgment is reversed.