### Hardy v. Commonwealth.

(Decided May 18, 1928.)

Appeal from Lewis Circuit Court.

Criminal Law.—Conviction of a second offense of the possession of intoxicating liquor could not be sustained in the absence of a showing that the prior offense and conviction were after March 22, 1922, though former case is not to be retried.

NORMAN W. BOWMAN for appellant.

JAMES W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

On March 11, 1927, the defendant, Add Hardy, was tried under an indictment charging him with the second offense of having in possession intoxicating liquor. He was convicted, and his punishment was fixed at confinement in the penitentiary for one year. On the same day, his motion for a new trial was overruled and an appeal granted him. The charges against the defendant in this indictment were:

(a)   That on November 7, 1926, he unlawfully had in his possession intoxicating liquor in Lewis county.

(b)   That on a previous occasion, after March 22, 1922, he unlawfully had in his possession intoxicating liquor in Lewis county.

(c)   That subsequently, and previous to November 7, 1926, to wit, on November 10, 1925, he was convicted of such former offense.

The proof established the unlawful possession of in-toxicating liquor by the defendant on November 7, 1926, and the conviction of this defendant on November 10, 1925, for unlawful possession of intoxicating liquor, but wholly failed to show that the offense for which he was convicted in November, 1925, had been committed after March 22, 1922.   As pointed out in the case of Johnson v. Com., 209 Ky. 181, 272 S. W. 428, the former case is not to be retried at all, but there must be charged and shown that the former offense was committed after March 22, 1922, that the defendant now on trial was thereafter and therefor convicted, and has, subsequently to that conviction, similarly offended.

The judgment is reversed.