## Thacker v. Commonwealth.

(Decided February 15, 1929.)

820

FIELDS, BYERS & MOORE, GARDNER K. BYERS and HERBERT H. MOORE for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 3, 1928, the grand jury of Clark county returned an indictment against appellant and defendant below, Sarah V. Thacker, charging her with the offense of unlawfully possessing intoxicating liquors within 12 months prior thereto, and in a second paragraph it was averred that defendant, prior to the commission of that offense and since March 22, 1922, when our present prohibition statute, commonly known as the "Rash-Gullion Act," (Acts 1922, c. 33) went into effect, committed the offense of unlawfully selling intoxicating liquors, and for which she was later convicted in the Clark circuit court upon an appeal to it from the city police court of Winchester, wherein she was first tried upon a warrant of arrest issued by that court. Upon her trial on this indictment, with such accusations made therein, she was convicted and sentenced to serve three years in the penitentiary. Her motion for a new trial was overruled, and to reverse that judgment she prosecutes this appeal.

It will be observed that, under the principles announced in the case of Johnson v. Commonwealth, 206 Ky. 594, 268 S. W. 302, the two offenses charged in this indictment are such as may be grouped under the provisions of section 2554a-2, Ky. Stats., so as to authorize the felony punishment provided therein under the habitual offending feature of the statute, and which is not questioned by counsel for defendant. It is however, argued with great confidence that the court erred, (1), in the admission of evidence offered by the commonwealth, and to which defendant objected and excepted, and that with it eliminated defendant was entitled to a peremptory instruction, and the court erred in overruling his motion therefor, and (2), error of the court in the instructions given. Some additional argument is made with reference to the conduct of the court at and during the trial, but the matters complained of therein we do not regard of sufficient materiality to require discussion, and

we will confine the opinion to a consideration and disposition of arguments (1) and (2).

1. In support of argument (1), it is contended that it was incompetent for the commonwealth to introduce any part of the record of the first conviction, except the judgment manifesting that fact, and that the court erred in permitting the introduction of other parts of it, including the warrant upon which defendant was arrested, containing the charge against her, and for which she was first tried in the city police court of Winchester, and later in the Clark circuit court, to which she appealed, and the cases of McKiney v. Commonwealth, 202 Ky. 757, 261 S. W. 276; Tall v. Commonwealth, 110 S. W. 425, 33 Ky. Law Rep. 541; Morgan v. Commonwealth, 170 Ky. 400, 186 S. W. 132; Vinson v. Commonwealth, 219 Ky. 482, 293 S. W. 984, and others of supposed collateral bearing from this court, together with a few cases from other jurisdictions, and also some textwriters, were cited. But all of the cases cited and relied on only go to the extent of holding that the first or prior convictions, under prosecutions within what is commonly designated as "habitual criminal statutes," must be proven by the record, which must be introduced by the clerk of the court (or one of his deputies) in which the former conviction or convictions were had, and that it was incompetent to introduce the evidence heard upon that trial.

In the trial of this case the court permitted the clerk of the Clark circuit court to not only read the judgment convicting defendant in that court on her first or prior charge, as contained in the indictment, but to also read the judgment of conviction and other parts of the record made in the city police court of Winchester, including the warrant under which defendant was arrested and tried in that court, and which it is claimed, in this argument (1), constituted grievous error of such prejudicial nature as to authorize a reversal of the judgment appealed from. In making this argument counsel contend that a judgment of conviction should show on its face all the facts necessary to authorize the increased punishment for a second or subsequent one, and that, unless it does so, then such increased punishment cannot be inflicted. But we do not construe any of the cases relied on as sustaining that contention, nor have we been able to find any case that does so. It is true that in the Tall case it was held that evidence of the former convictions was confined

822

"to the verdict and judgment of conviction and the sentence, and also proof showing that the defendant is the same person that was convicted of the previous felonies, which is the 'other competent evidence' referred to in the statute." The statute therein mentioned was section 1130 of our present 1922 edition of Carroll's Statutes, providing for increased punishment for a second conviction of a *felony,* regardless of the nature of the felony, and (since there are no limitations for the prosecution of felonies) regardless also of the time when the first one was committed, except that it was done after the enactment and taking effect of that section, which was long prior to the time when the opinion in the Tall case was rendered. There was, therefore, under that statute, no necessity whatever for any proof with reference to the prior conviction or convictions, other than the judgment manifesting that fact.

But a different question is invloved in prosecutions under the habitual criminal feature of our prohibition statute, since, as we have held in numerous cases, in order for the felony punishment therein provided for a second offense to be inflicted, it must appear and be shown that the first conviction was for an offense committed since March 22, 1922, when the prohibition act went into effect. Our opinions so holding. and which are in complete accord with those from other jurisdictions upon the subject, are based upon the proposition that it is incompetent for the Legislature to provide for an increased punishment for a second conviction, when the first offense of which defendant was convicted was committed before the enactment of the statute so prescribing. That conclusion was and is bottomed upon the fact that, if the increased felony punishment could be inflicted in cases where the first offense was committed before the enactment of the statute fixing the increased punishment, it would be, in effect, an ex post facto law, and therefore void, as violative of section 9, article 1, of the Constitution of the United States and of section 19 of our Constitution. The ex post facto feature of such a statute would consist in prescribing that the first committed offense should be an element and a component part of the second one, so as to make the punishment for the latter a felony, when such necessary element (the commission and conviction of the first offense), occurred prior to the enactment of the habitual criminal statute.

In order, therefore, to administer the felony punishment in prosecutions of this nature, it is not only requisite that the commonwealth should prove the first conviction, but it should also prove that it and the last offense charged were of such a nature as to authorize the increased punishment prescribed in our prohibition statute as defined in the Johnson case, supra, and that the first offense was committed after March 22, 1922, when our present prohibition statute, under which this prosecution was had, went into effect. It not being essential that the judgment of the first conviction should show such facts on its face, the only other method by which they could be proven would be by the introduction of the formal charge (the indictment, information, or warrant), and proof (which may be oral) to show the date of the commission of the offense therein charged.

Neither the text in the second edition of Roberson's New Kentucky Criminal Law and Procedure, in section 1386, relied on by appellant's counsel, nor the opinion in the McKiney case, supra, cited in its support, state anything to the contrary. They each go no further than to say that, "when the judgment (of the former conviction) is *exclusively* depended upon by the commonwealth to secure a second conviction, and it does not show for what offense the defendant was convicted, or when the offense was committed, the court should not submit to the jury the question of his former conviction." (Our italics.) Later on in the section the learned author, in stating the converse of the proposition, says: "But 'where, from the whole record on the trial, it can be reasonably ascertained that a defendant charged with a violation of the liquor laws has been convicted of a similar offense, upon a previous trial in a court of competent jurisdiction, the case should be submitted to the jury, if the facts with respect to the second offense are sufficient to warrant such action by the trial court.' "

The excerpt contained in that text is taken from the opinion in the case of Helm v. Commonwealth, 206 Ky. 103, 266 S. W. 869, and which counsel insist is a departure from the settled rule and should be overruled. But we are unable to see wherein that opinion contradicts or departs from any of our other opinions involving second convictions with felony punishments for commissions of designated offenses within our prohibition statute. It is because of the imperative requirement that both the first

and second offenses should be of the nature and character authorizing the infliction of the felony punishment under the statute that the accusatory papers should be introduced, and it is because the first offense must be committed *after* the taking effect of our statute that proof (oral or otherwise) is admissible to show when it was committed, and which two features differentiate the practice in subsequent prosecutions of offenses under our prohibition statute and subsequent felonies under section 1130 (involved in the Tall case), since under that statute the punishment prescribed for the second conviction is authorized, regardless of the nature of the first offense, except that it be for a felony, and there being no limitations for prosecution of felonies, and therefore no occasion to fix the time of the commission of the first one, evidence thereof is unnecessary and might be prejudicial.

Perhaps the court in this case unnecessarily permitted his clerk to read some of the orders made upon the first trial of defendant, but, if true, it is impossible for us to say wherein she was thereby prejudiced. Under the provisions of section 340 of our Criminal Code of Practice, we uniformly have held that an admitted error would not authorize a reversal of a conviction in a felony charge, unless it operated to the substantial prejudice of defendant's rights. We therefore hold that no error was committed in the introduction of the records and other testimony furnished by the clerk of the Clark circuit court.

But it is insisted that, contrary to the rule as laid down in the case of Mason Johnson v. Commonwealth, 209 Ky. 181, 272 S. W. 428, the court erroneously permitted the commonwealth to prove the fact of the first sale, and for which defendant was first convicted, by the witness to whom that sale was made. His name was Jimmie Jones, and he was introduced for the purpose of proving its date, so as to conform to the principles hereinbefore discussed. In giving his testimony on this trial, it was absolutely impossible for him to testify to the date of the sale, without telling what the transaction was, which in this case was the purchase by him of intoxicating liquor from defendant, and for which the charge for the first conviction was preferred in the warrant issued by the city police court of Winchester. We do not see how he could testify to the *date* of the sale to him, with-

out also stating the *fact* of the sale, and because the witness, perhaps, went more into details than was necessary, i. e., as to the time of the day, and where he made the purchase, its quantity, etc., it cannot be said that such nonessential details, if regarded as error, were so prejudicial as to authorize a reversal of the judgment. The witness was not altogether certain as to the exact date of his purchase, and another who was along with him was introduced to remove the uncertainty, and in the circumstances we conclude that the commonwealth had the right to introduce him. The court properly admonished the jury as to the purpose of all such testimony.

It will be perceived that this case was not practiced like the Mason Johnson one, upon which counsel rely. In that case the court at the last trial of defendant permitted the commonwealth, over his objections, to introduce and read to the jury the *transcript* of the evidence made by the official stenographer upon the trial of the first charge, resulting in his first conviction. It was not shown that the prosecuting witness to the first transaction was dead, and the introduction of his testimony as taken and transcribed by the stenographer was clearly erroneous upon other grounds; but the opinion did not hold in that case that it would have been incompetent for the witness to have personally appeared at the trial, resulting in the judgment appealed from, and to give testimony as to the date of the commission of the first offense, but it appears that a reversal was ordered solely because of the indicated error, when it says: "This jury does not in any sense retry the former case; hence should not have heard the evidence in the former case, *as read from the bill of exceptions.*" (Our italics.) Opinions, to have the effect of guiding precedents, should be confined to the same or substantially similar fact. In the Mason Johnson case the only question involved was the competency of the *transcribed* testimony of the prosecuting witness as given at the first trial. There was no question involved as to the competency of his testimony relative to the date of the commission of that offense, if given orally in court on the second trial, and we therefore do not regard that case as controlling in this one.

2. The instruction complained of first submitted to the jury the defendant's guilt beyond a reasonable doubt of the commission of the misdemeanor charge contained in the indictment alleged to have been committed

within twelve months before March 1, 1928. It then told the jury that, if it believed from the evidence beyond a reasonable doubt that prior to the finding of the indictment, and upon September 22, 1922, the defendant was convicted in the Clark circut court of the first offense (naming it), and also believed beyond a reasonable doubt that it was committed after March 22, 1922, and prior to the date of the warrant preferring that charge (which was June 12, 1922) then it should find defendant guilty and fix her punishment as prescribed by the statute. We not only fail to discover any error in that instruction, but we think it is in complete accord with our interpretation of the habitual criminal feature of the statute, as made in the cases supra, and many others which could be cited. In truth we can scarcely conceive how the court could have submitted the essential facts to a felony conviction in plainer or more distinct form.

It appears from this record that defendant did not testify at either of her trials. That fact with reference to the first trial appears in the judgment of the city police court of Winchester, and as to the second trial it appears from the stenographer's transcript of the testimony heard on the last trial and forming a part of the record. The fact of defendant's guilt in each case is uncontradicted, and is as conclusively established as it is possible for human testimony to do so. In such circumstances, if we should concede that the court committed minor errors in the admission of testimony, we would still be constrained to affirm the judgment under the authority given by section 340, supra, of the Criminal Code, since none of such errors, though conceded, could possibly adversely affect defendant's substantial rights, and we would be making a farce of the enforcement of the criminal law, were we to hold otherwise. Of course, it would be different, although defendant was conclusively shown to be guilty, if some constitutional or fundamental right of hers was violated by the complained of error. In that case a reversal should be ordered, howsoever nonprejudicial it might be, since the Legislature would not be authorized to prescribe otherwise, and to thereby take away from defendant any constitutional privilege or fundamental right.

Wherefore the judgment is affirmed.