## Dunnington v. Commonwealth.

(Decided October 1, 1929.)

(As Modified, on Denial of Rehearing, November 26, 1929.)

328

H. C. KENNEDY and E. BERTRAM for appellant.

J. W. CAMMACK, Attroney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Elmer Dunnington was convicted of a second violation of the Prohibition Law (section 2554a1 and section 2554a2, Ky. Stats., Supp. 1928) for which a penalty of imprisonment is provided, and sentenced to serve one year in the penitentiary. On this appeal he complains that the court erred in overruling a demurrer to the indictment, in the instructions given to the jury, and that the evidence of the former conviction was insufficient. It is said that the charge of a former conviction omits the essential allegation that the first conviction was for an offense committed after March 22, 1922. The indict-

ment charges that the first conviction for unlawfully giving spirituous, vinous, malt, and other intoxicating liquors was upon an indictment returned on January 24, 1926. Since the offense charged in the first indictment was a misdemeanor, it must have been committed within a year prior to the date the indictment was returned. We have held that an indictment is sufficient, although it does not charge in so many words that the offense was committed after March 22, 1922, if the allegations of fact therein are sufficient to lead unerringly to that conclusion. Spencer v. Commonwealth, 221 Ky. 166, 298 S. W. 389; French v. Commonwealth, 222 Ky. 385, 300 S. W. 902. An indictment is sufficient which contains a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of ordinary understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case. Criminal Code, sec. 122; Overstreet v. Com., 147 Ky. 471, 144 S. W. 751; Com. v. Drewry, 126 Ky. 183, 103 S. W. 266, 31 Ky. Law Rep. 635, Merdith v. Com., 199 Ky. 544, 252 S. W. 894; Cf. Middleton v. Com., 226 Ky. 220, 10 S. W. (2d) 812.

The particularity required in the earlier cases was necessitated by the fact that the prosecutions arose shortly after March 22, 1922, and it was impossible to tell from the facts stated in the indictment whether the first offense was committed before or after the passage of the act, and for that reason some of the convictions were not sustained. Williams v. Commonwealth, 212 Ky. 495, 279 S. W. 973; English v. Commonwealth, 216 Ky. 608, 288 S. W. 320. The demurrer to the indictment in this case was properly overruled.

The motion for a peremptory instruction was properly denied. The evidence showed that the defendant had been convicted in the Wayne circuit court in May, 1926, upon an indictment returned in the preceding January, charging a violation of section 2554a1, Ky. Stats., Supp. 1928. It further showed that the defendant had sold liquor to the prosecuting witness about the first of February, 1929. The proof of these facts was sufficient to authorize submission of the case to the jury. Thacker. v. Com., 228 Ky. 819, 16 S. W. (2d) 448.

But the appellant insists that there was no competent evidence from which the jury could find the fact of

the former conviction. In the case of Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390, 393, the court said: "In this jurisdiction, a former conviction of a felony must be shown by the introduction in evidence of the indictment, verdict, judgment of conviction, and sentence of the former trial, or by certified copies thereof." Proceeding upon this declaration, it is argued that in every case all of the documentary evidence mentioned is essential. But such is not the case. In the case cited there was no competent evidence of the former conviction. The clerk had testified respecting it, but the records were not read to the jury. It was upon this point that the judgment was reversed, and, under the facts of that case, it was necessary to introduce the indictment, verdict, judgment of conviction, and sentence. In Lucas v. Commonwealth, 142 Ky. 416, 134 S. W. 456, the indictment in the former case was not introduced. A certified copy of the verdict, judgment of conviction, and sentence in the former case was all that was admitted, and the conviction was upheld. The Lucas case is the authority relied upon in the Blair case, supra. In Green v. Commonwealth, 213 Ky. 323, 280 S. W. 1094, the commonwealth introduced the clerk and proved the contents of the record, but none of the records were introduced or read to the jury. Following the case of Blair v. Commonwealth, supra, the judgment was reversed. In Tall v. Commonwealth, 110 S. W. 425, 33 Ky. Law Rep. 541, the true rule was announced and applied.

The evidence of a former conviction may be limited to the verdict and judgment of conviction, and the sentence, if they show the essential facts. If the judgment of conviction is inadequate to show the nature or character of the previous conviction, the indictment is then competent for that purpose, but the facts relating to the previous conviction and the details of the former offense are not competent, except so far as is necessary to show its nature and character. In Johnson v. Commonwealth, 209 Ky. 181, 272 S. W. 428, the case of Tall v. Commonwealth, supra, is cited, and it is said that all the commonwealth is required to offer is the indictment or warrant in the former case and the record, showing trial and conviction thereunder. The jury does not in any sense retry the case. The validity of the indictment is concluded by the judgment in the first case, and its bearing on the pending case is confined to the establishment of the fact of conviction for such an offense as renders a second con-

viction felonious. Thacker v. Commonwealth, 228 Ky. 819, 16 S. W. (2d) 448; Morgan v. Commonwealth, 170 Ky. 400, 186 S. W. 132; Tall v. Commonwealth, supra.

We have to deal from time to time with contentions like the one at bar, that enough of the former record was not introduced, and, at other times, as in Thacker v. Commonwealth, 228 Ky. 819, 16 S. W. (2d) 448, and Tall v. Commonwealth, supra, the complaint is that too much of the former record was offered. The general rule upon this subject may be found in 16 C. J. 1344, sec. 3163, and the decisions we have cited sufficiently show the rule prevailing in this state. It is not necessary for the commonwealth to show that the former judgment of conviction has not been vacated, set aside or reversed. It will be presumed to be in force, unless the defendant shows otherwise. Gragg v. Commonwealth, 104 S. W. 285, 31 Ky. Law Rep. 873; Tall v. Commonwealth, 110 S. W. 425, 33 Ky. Law Rep. 541.

In this case, however, the clerk testified that the judgment had not been set aside, vacated, or reversed, and the judgment itself, which contained the essential evidentiary facts, was read to the jury. In addition to that the clerk read to the jury other portions of the record showing the nature and character of the former charge upon which the conviction was had. The indictment itself was not introduced, but the clerk testified that it was lost. In view of what was proven by the judgment itself, which contained the verdict in full and the sentence pronounced by the court pursuant thereto, as well as the specific offense charged by the indictment, it was not essential that more be shown. Indeed, the indictment in the former case, which was not required to show the character of the offense, was of doubtful competency under the circumstances. Tall v. Commonwealth, supra. Manifestly the contention of appellant is without merit.

The point that the number of the earlier indictment was left blank in the new indictment is not important. The first case was sufficiently identified, and there is nothing to show that the defendant was in any way misled by the omission to state the number of the old indictment. In the Thacker case, supra, the complaint was that too much evidence had been introduced respecting the prior offense and conviction, whilst in this case the complaint is that insufficient evidence respecting the first conviction was offered; but from what has been said it is apparent that the essential facts were proven by the judg-

ment itself which left no room for doubt as to the first conviction being for an offense which rendered the latter one felonious.

It is also argued that the instructions were defective, but the argument was based upon an incorrect copy of the instructions. Upon examination of a correct copy of the instruction, appellant's counsel concede that the instruction was not subject to the criticism leveled against it. That instruction specifically required the jury to believe from the evidence beyond a reasonable doubt that the first conviction was for an offense committed after March 22, 1922, and that it was for giving intoxicating liquors. Section 2554a1 Ky. St. Supp. 1928. The contention that the instruction did not require the jury to find that the defendant in the former conviction was the same as the present defendant is not tenable. The instruction explicitly required the jury to believe from the evidence beyond a reasonable doubt that the present defendant, Elmer Dunnington, was guilty of the offense adequately charged in the present indictment, and also that it should believe beyond a reasonable doubt that he, the said defendant, had been previously convicted of the specified offense against the act. There was no possible room for the jury to make a mistake upon that subject.

Our careful examination of the record leads us to the conclusion that the defendant had a fair trial, and that no errors prejudicial to his substantial rights are apparent.

The judgment is affirmed.