Haskeu **TAYLOR**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1969.

Rehearing Denied Feb. 13, 1970.

James G. Begley, Danville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of the crime of shooting and wounding with intent to kill under KRS 435.170 and was sentenced to six years in the penitentiary. He had also been charged with being a habitual criminal under KRS 431.190 but the jury failed to find him guilty of this charge. We will take up the alleged errors complained of after a statement of the significant (and practically undisputed) facts.

Appellant was seated in an automobile with a pistol on the front seat when he was approached by a deputy sheriff who had a warrant for his arrest. When advised of this, appellant expressed his disinclination to be taken anywhere and reached for his gun. The deputy was armed and a shooting affair then took place. While appellant was shooting at the deputy, the latter (who was also firing) retreated behind the car. Appellant fired several shots, at least two of which struck the deputy, seriously wounding him. When appellant ran out of ammunition, he broke his pistol on the deputy's head. Appellant claims he was shooting only in self-defense.

Appellant's first contention is that it was error to permit the Commonwealth to introduce evidence of his reputation for killing people. This evidence possibly would have been competent as explanatory of the actions taken by the deputy, but both times reference was made to appellant's reputation in this respect the court sustained objections thereto. Appellant did not move for a mistrial or ask the court to take other action. The trial court did not commit any error which, under RCr 9.22, was preserved for appellate review. Blanton v. Commonwealth, Ky., 429 S.W.2d 407 (1968); Patrick v. Commonwealth, Ky., 436 S.W.2d 69 (1969).

Appellant next contends the trial court improperly permitted hearsay testimony with respect to circumstances relating to the procurement of the warrant for his arrest. Most of this testimony was not in the category of inadmissible hearsay since it consisted of verbal acts upon which the county judge acted in issuing the warrant. The rest of it was relevant on the question of appellant's frame of mind and was consistent with his own testimony concerning his search for his wife. Appellant's objections to damaging testimony were sustained. He failed to request an admonition to the jury or to move for a mistrial, so, as we have above discussed, he preserved no error for review. We find nothing prejudicial in this testimony.

It is next contended the trial court erred in permitting the clerk of the Pulaski Circuit Court to read from the former record the *indictment* upon which appellant was convicted of voluntary manslaughter. This raises a serious question concerning which there is some confusion in our case law.

KRS 431.190 provides for additional punishment for second and third convictions of a felony. Under that statute the jury is authorized to find the fact of former conviction "from the record and other competent evidence". In Tall v. Commonwealth, 33 Ky.Law Rep. 541, 110 S.W. 425 (1908), it was held that the evidence of former convictions was limited "to the verdict and judgment of conviction and the sentence" (plus proof of identity). The opinion observes (page 428 of 110 S.W.):

"If the word 'record,' as used in the statutes, was intended by the General Assembly to include more than the judgment of conviction and sentence, then it must include the whole record, which would include all motions made and objections entered and the orders of the

court made during the trial. The statute did not mean to place this burden upon the commonwealth, and, besides this would be prejudicial to appellant. It would place before the jury all the facts and particular circumstances with reference to the charges for which he was previously convicted, which would tend to prejudice the minds of the jurors against him, and the jury might possibly not be able to give proper consideration and weight to the testimony with reference to the offense then under investigation."

In Dunnington v. Commonwealth, 231 Ky. 327, 21 S.W.2d 471 (1929), this court accepted the Tall case as announcing "the true rule". It was said in that opinion, however, that the indictment would be competent if the judgment of conviction was inadequate to show the nature or character of the previous conviction.

The Commonwealth refers us to Blair v. Commonwealth, 171 Ky. 319, 188 S.W. 390 (1916), Johnson v. Commonwealth, 209 Ky. 181, 272 S.W. 428 (1925) and Fennen v. Commonwealth, 240 Ky. 530, 42 S.W.2d 744 (1931).

In Blair the question was whether the Commonwealth had adequately proved prior convictions when the circuit clerk had failed to introduce or read from the records. Deciding that the former convictions had not been properly proved, the court observed that they "must" be shown by the introduction of the indictment as well as the verdict, judgment and sentence. The cases cited in support of that proposition do not support it.

In Johnson, wherein it is held the Commonwealth had introduced too much of the record with respect to the former conviction, the opinion approves the introduction of the indictment.

In Fennen it was held that the record of conviction in another state, which included the indictment, was sufficient to prove the jurisdiction of the foreign court.

On a related question involving much the same considerations we have before us, we have recently restricted the latitude allowed the Commonwealth in proving the details of a prior conviction. In Cowan v. Commonwealth, Ky., 407 S.W.2d 695 (1966), the question was the extent to which the Commonwealth could elicit information concerning the nature of the prior crime which was being used to impeach the credibility of the accused defendant. Therein we recognized the possible prejudice to the defendant when the details of a prior crime might induce the jury to find the defendant guilty of the current offense with which he was charged. The same reasoning applies when the defendant is being tried as a habitual offender, and the facts of this case point up the unfairness of reading the indictment in the former proceeding. That indictment charged appellant with willful murder and detailed the acts allegedly committed. He was, however, not convicted of murder but of voluntary manslaughter. The verdict and the judgment sufficiently established the prior felony conviction.

■ It is our opinion that the reasoning in the Tall case (33 Ky.Law Rep. 541, 110 S.W. 425), heretofore discussed, as implemented by the reasoning in the Cowan case (Ky., 407 S.W.2d 695), heretofore discussed, is sound and unless there is some special necessity for reading the indictment of a former conviction, it should not be permitted. As observed in Dunnington (231 Ky. 327, 21 S.W.2d 471), heretofore discussed, there may be exceptional circumstances when the reading of the indictment is necessary to establish the felonious nature of the prior conviction, but such circumstances did not exist in this case.

■ It is therefore our conclusion that the court committed error when it overruled appellant's objection to the reading of the indictment under which he was formerly convicted. On the other hand, we do not consider this reversible error under RCr 9.24 and 9.26. There was over-

whelming evidence of defendant's guilt of the principal crime of which he was charged. The maximum sentence for such offense is 21 years (KRS 435.170). The jury fixed his punishment at six years. In failing to find appellant guilty as a habitual criminal, the jury altogether ignored the prior conviction. We cannot say the reading of the indictment in that proceeding had the prejudicial effect the rule laid down in the Tall case, which we are confirming, was designed to prevent.

■ In connection with his prior conviction, appellant also contends that the trial court erred in failing to admonish the jury that evidence of such conviction should not be considered by them unless they first found the defendant guilty of the principal offense of which he was charged, and in no event should it be considered by them in determining defendant's guilt of such offense. Our attention is called to no case requiring such an admonition, and in this case no such admonition was requested. We therefore do not have the question properly presented for review.

■ It is next contended that the court erred in overruling appellant's objection to a reference, in the closing argument of the Commonwealth's attorney, to a penitentiary sentence of 21 years. Since that was the punishment the Commonwealth sought on the principal charge, we do not find in it the innuendo appellant attributes to it. He claims this was an improper reference to his prior conviction. Even if the statement could be so construed, in context we do not consider it improper, and, in any event, it could not have been prejudicial.

■ It is also contended by appellant that the court improperly permitted the Commonwealth to introduce evidence that appellant's reputation for peace and quiet was bad. This evidence was introduced after *appellant's attorney, on cross-examination,* had asked the Boyle County judge such questions as: "And he has always been a rather peaceful person, hasn't he?", and "Have you ever known of him giving the law any trouble, resisting arrest or anything?" Appellant's counsel now insists that his own interrogation was incompetent and did not raise the issue of defendant's *reputation* for peace and quiet. Though the questions were not in proper form, the obvious purpose on the part of appellant was to prove to the jury that he was a peaceful person. In our opinion this opened up that issue and the Commonwealth was entitled to introduce rebuttal testimony. An almost identical situation was considered in Adams v. District of Columbia, D.C.Mun.App., 134 A.2d 645 (1957), and the rebuttal evidence was held admissible. See also Shimon v. United States, 122 U.S.App.D.C. 152, 352 F.2d 449 (1965).

■ Appellant finally contends that under RCr 9.26, upon consideration of the whole case, the judgment should have been reversed because he has been prejudiced by the denial of his substantial rights. Our consideration of the whole record leads us to exactly the opposite conclusion. In view of the seriousness of this crime and the nature of the defense, and in view of the lightness of the sentence (the jury could have fixed the punishment at 42 years), we are convinced that appellant had a fair trial.

The judgment is affirmed.

HILL, C. J., and MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE, J., concurs in the result only.